M’Gikk, C. J.,
delivered the opinion of the Court.
This was an action for use and occupation. Verdict and judgment in the Circuit Court for M’Coy, defendant.
The cause is brought here by appeal. Several objections are made by the plaintiff’s counsel, in the Court below, to the admission of evidence on behalf of defendant.
None of the objections arc tenable in law. The plaintiff also prays several sets of instructions from the Court, which are refused. To decide whether these instructions refused, were refused correctly, is unnecessary.
The rule of law is, that if a party considers himself injured by the refusal of instruction, lie must show that he had a proper state of facts proved, to warrant him to claim the instruction prayed for, otherwise, the Court cannot possibly see that he is injured. If a paity demands of the Court instructions on points of law, and it is refused, it may he that no state of facts existed to wariant the prayer; and then the Court do right to refuse it. And if, on the other hand, the Court instruct the jury, and either party conceive it to be error, he who seeks to reverse for the error, must show the evidence on which the instruction was given, so that this Court can see wherein the error consists ; and if this be not shown, this Court will and must suppose the Court below did right, because it cannot see otherwise.
In this case, the plaintiff seeks to reverse the judgment against him, because, he says, the Gomt erred against him with respect to the defendant’s defence.
It is not enough that the party should show there was error against him, hut he must also show it was to his prejudice, or might have been so, by being of a nature to mislead the jury, &c.
Here the party has nol shown that he had a prima facia case in his favor; he has not shown any evidence existed in his favor, to warrant him in claiming an instruction with regard to his title.
The verdict of the juiy is against him ; he has not shown that this result was effected because the Court lefused to declare the law on his title, as made out at the trial, for he has shown no title at all.
If, then, the plaintiff did not show himself in actuation to be entitled to recover, he has not shown himself in a situation to be injured. We cannot perceive what relation the defendant’s pretended defence might have had to the plaintiff’s claim ;• and unless this relationship be shown, all that was done by the defendant and the Court, stand isolated, and as a useless experiment.
*228 With this view of the case, it is not necessary to inquire into the points made hy the plaintiff’s counsel.
But here it is alledged, that the plaintiff would, at all events, be entitled to recover for the year preceding the eviction.
There is no evidence on that point, of a sufficient nature, to show the plaintiff is entitled to what he claims. The Court say, hy way of recital, that, as it appeared in this case, the lease was only for one year, and which had expired, See. This recital is too vague to avail the plaintiff, for the recital does not show that M’Coy was, even for that year, the tenant of Bellissime. Upon the whole matter, we cannot perceive any reason to reverse the judgment.
The judgment is, therefore, affirmed, with costs.