Smith *v.* Smith.

The present petition was filed in the Circuit Court in the name of the state of Missouri, at the relation of the justices of the county court, against the widow, son and administrator of Gabriel Prewett, setting forth that it was the duty of the relators to watch over the welfare of orphan children within their county, and praying the court to establish the devise for the benefit of such children as a charity. The petition further set forth that the widow was claiming the eighty acres entered in her name, as her own ; and that she was "a very young and healthy woman," and might "live half a century;" for which reason the relator prayed the court to hear the proof while it could be obtained, and declare that the said tract belonged to Gabriel Prewett's estate. The petition contained other prayers which it is not necessary to state. A demurrer to this petition being sustained below, the relators appealed to this court.

*J. W. Noell,* for appellant.

*M. Frissell,* for respondent.

SMITH, Appellant, *vs.* SMITH, Respondent.

1. The provision in the act regulating practice in chancery, (R. C. 1845,) that a decree rendered against a party who has not been summoned and has not appeared, may be set aside within a time limited, applies to a decree for a divorce. (Scott, J., dissenting.)

*Appeal from St. Louis Circuit Court.*

The case is sufficiently stated in the opinion of the court. It was argued by Mr. E. Casselberry, for appellant, and Mr. Barton Bates, for respondent.

GAMBLE, Judge, delivered the opinion of the court.

In a proceeding commenced in March, 1849, Smith, the husband, obtained a decree against his wife, divorcing her from the bonds of matrimony, without service of process upon his wife, and without her appearance in the cause. In this petition, she is alleged to be a non-resident, and publication was made against her as such. This, as a proceeding instituted before the present code of practice went into effect, was a proceeding in chancery. The act concerning divorces provides: " That the Circuit Court, sitting as a court of chancery, shall have jurisdiction in all cases of divorce and alimony or maintenance, and the like process and proceedings shall be had in said causes as are had in other causes on the equity side of the court." (R. C. 1845, p. 426.) The act regulating practice in chancery, (art. 6, secs. 1, 2, 3 and 4, R. C. 1845, p. 851,) provides that, when a decree has been rendered in a chancery cause against a defendant who has not been summoned and has not appeared, such final decree may be set aside, if the defendant shall appear, and by bill of review, verified by affidavit, show cause for setting it aside as against equity. The time for filing such a bill of review is limited to one year after the service of notice of the decree upon the defendant, or to five years after the date of the decree, where notice is not given. The bill of review is required either to show that there is no equity in the original bill, or to contain such denials or allegations as amount to a defence upon the merits. When such bill is filed within the time, and containing the requisite denials or allegations, the decree is set aside, the defendant in the original cause answers the original bill, and the case proceeds as other cases.

Smith *v.* Smith.

The wife, in the present case, filed her bill within the time limited by the statute, denying all the material allegations in her husband's original bill, and praying that the decree rendered against her be set aside and that she be permitted to answer. The Circuit Court set aside the decree, and gave the leave to answer. The answer was filed, showing, on her part, ground for divorce and praying for a divorce. The husband refused to proceed with the cause. The court heard the cause, dismissed the bill of the husband, and decreed a divorce in favor of the wife, with alimony. From this decree he has appealed.

1. As nothing appears before this court by any exception taken to any proceeding, we act only upon the questions arising upon the record proper. The statute which governs the case is clearly that which applies in all chancery cases under the code of 1845, and the review is to be applied for within the time and in the manner in that act provided. The section which requires the petition or bill of review to show that there is no equity in the original bill, or to contain such denials or allegations as amount to a defence upon the merits, substantially prescribes the statements of the bill upon which the decree is to be set aside, and the defendant in the original cause permitted to answer. We have no accasion to examine the nature and objects of, and the modes of proceeding upon a bill of review in the general chancery practice. The statute allows a decree to be obtained against a defendant who has never been summoned, and has never appeared in the suit, and then provides a mode in which such defendant may be admitted to defend himself against the suit, even after a decree is rendered. It appears in the record that the husband, after obtaining the decree of divorce, was married to another woman, and this is urged as a reason against setting aside the decree. It is not perceived how the wrong done to the second wife should be any reason for denying the first an opportunity of vindicating herself against the charges of adultery and drunkenness charged in the original bill. Nor do we feel at liberty to indulge feel-

ings, or carry out any views of policy, against what we regard as the obvious meaning of the statute. We have nothing now to say about the effect of the proceeding in this case upon the second marriage or its issue, if there be any, because such matters have no connection with the questions before us.

We cannot consider the question, whether the wife made a proper affidavit to her answer to authorize a decree of divorce in her favor, because there was no exception to it taken in the court below.

There are no other questions in the case of any importance. The decree is affirmed, with the concurrence of Judge RYLAND.

Scott, Judge, dissenting. In my opinion, the provisions of the law regulating chancery practice in relation to bills of review, (R. C. 1845, p. 851,) do not apply to proceedings instituted to obtain a divorce from the bonds of matrimony.

In the first place, if the courts in which such proceedings are begun will execute the law as it is written, a case for a review can scarcely arise. The 8th section of the act concerning divorce and alimony prescribes that, in all cases where the proceedings shall be *ex parte*, the court shall, before it grants such divorce, require proof of the good conduct of the petitioner, and be satisfied that he or she is an innocent and injured party.

In the same section, it is enacted : " nor shall the guilty party be allowed to marry again by reason of such divorce, unless otherwise expressed in the decree of the court." This provision impliedly gives the innocent party a right to marry immediately, and such has been the universal understanding of the community.

As the law-making power had the subjects of the parties marrying again and *ex parte* proceedings in its mind, at the same time, and prescribed a period within which the guilty party should not marry, had it been contemplated that the innocent party in *ex parte* proceedings, could not, with safety, marry again immediately, it would have been so declared.

Now, shall the law give to a man the privilege of marrying, and, after it has been exercised, withdraw it, and thereby make an innocent woman a concubine, and her children illegitimate? A purchaser for a valuable consideration, without notice, is protected by our law, and shall an innocent woman, in a matter that is dearer to her than life itself, be in a worse condition than a mere purchaser of property? How could the law ever justify itself to the children of such a marriage? It is bad enough when, through the frauds, falsehood and imposition of a parent, children are made to hang their heads in shame; but shall the law itself be made the instrument of so great an outrage?

Considerations of policy unite with the dictates of justice in forbidding any interference with the parties after a divorce has once been granted. The first marriage, in all such cases, without regard to the divorce, has ceased for all the purposes for which it was contracted. Its sorrows and disappointments have come and are without remedy. The breaking up of the second marriage may be revenge, but it is no reparation for the evils that have been already done. It is only a multiplication of the distresses and misfortunes of innocent women and children.

I consider the provision that the court should be satisfied that the petitioner should be an innocent and injured party, as taking this from the operation of ordinary chancery cases. The woman marries the man on the faith of the decree, which assures her that he is an innocent and injured party. The law in the English cases on this subject, in which divorces *a mensa et thoro* are considered, is not applicable. In England, no marriage can be dissolved by the courts, for any cause arising after the celebration of the nuptials.