EDGELL, Respondent, vs. SIGERSON, Appellant.

1. In a pleading under the new practice, to avoid the estoppel of a judgment, it is sufficient to allege that it was obtained by *fraud*, without stating the facts which constitute the fraud.
2. A judgment obtained by fraud is void.

*Appeal from St. Louis Court of Common Pleas.*

This was an action commenced in January, 1854, upon a note dated October 1, 1848, expressed on its face to bear interest from date, payable annually. The petition stated that the plaintiff, in 1852, had commenced a suit against the defendant to recover the instalments of interest then due, in which the defendant had pleaded that the clause in the note specifying that interest was payable annually had been inserted after its execution without his knowledge, authority or consent, and that the plaintiff had recovered a judgment in that suit. This allegation in the petition seems to have been intended to estop the defendant from setting up the same matter as a defence in the present suit.

The defendant answered, alleging that after he had executed the note, and after it had passed from his possession, the words "with interest from date at six per cent. per annum,

interest payable annually," were fraudulently inserted in the note by the then holder, without his knowledge or consent, and that it was subsequently transferred and delivered to the plaintiff; and insisting that said fraudulent alteration rendered the note void. . He admitted the recovery of a judgment in a suit for interest, as stated in the petition, but alleged that " said judgment was obtained by fraud and by perjury committed on the trial of the issues in the cause," and was therefore null and void.

This answer was stricken out on motion, and a judgment rendered for the plaintiff, from which the defendant appealed.

*Krum & Harding* and *A. M. Gardner*, for appellant. Fraud in the recovery of the judgment is distinctly alleged in the answer. If this were true, the judgment would constitute no bar to the defence set up. (1 New Hamp. Rep. 257. 15 Johns. Rep. 121.) This defence was well pleaded. (*See* v. *Cox*, 16 Mo. Rep. 166.)

*Shepley* and *Kasson*, for respondent, among other points,. insisted that, under the new practice, one object of which was to prevent delay and fictitious defences, the judgment which, would estop the plaintiff from setting up an anticipated defence was properly pleaded in the petition, and that the allegation of the answer that the judgment was obtained by fraud and perjury, without stating who was guilty of the fraud or in what it consisted, was not sufficient to avoid the effect of the judgment, being a conclusion of law and not a statement of facts. (*McMurray & Thomas* v. *Gifford*, 5 Howard's Prac. Rep. 14.);

LEONARD, Judge, delivered the opinion of the court.

1. This judgment must be reversed for the error of the court in pronouncing against the defendant as for want of an answer.

Without stopping to settle the propriety (which is certainly very questionable) of the mode of pleading adopted by the plaintiff on the present occasion, in order to avail himself of the alleged estoppel by reason of the judgment, it is enough that the answer contains sufficient matter to avoid the estoppel..

In disregarding the answer, the court below appears to have gone upon the idea that, under the new system of pleading, the alleged fraud set up as a ground of nullity in the judgment was not well pleaded, on the score of its being a statement, not of the facts constituting the fraud, but of the conclusion of law upon the facts.

Under the former system, it was sufficient to state this matter in this general form. Fraud usually consisting of a great multiplicity of facts and circumstances, it was found by experience highly inconvenient, if not quite impracticable, to set them forth with particularity, and hence this general mode of stating such matter of defence forced itself into use, and was approved of by the courts. (*Montgomery* v. *Tipton*, 1 Mo. Rep. 318. *Pemberton* v. *Staples*, 6 Mo. Rep. 59. *Hill* v. *Montague*, 2 Maule & Selwyn, 377.) And we see no reason for holding otherwise under the new code, although we are aware of a decision to that effect in New York, under a similar system. (*McMurray & Thomas* v. *Gifford*, 5 How. Prac. Rep. 14.) The common law definition of a pleading is, " the statement, in a logical and legal form, of the *facts* which constitute the plaintiff's cause of action or the defendant's ground of defence, (1 Chit. Plead. 244,) which is the very language, so far as the present question is concerned, used by our code in defining a complaint and answer. Facts, and facts only, are to be stated. The pleader must not descend into a mere detail of the evidence, nor stop short at general conclusions of law, but must set down the issuable facts, and them only. This is the language of both systems, but it must be understood according to the necessities of the case to which it is applied. No system, it is believed, was ever yet put in practice in which the ultimate facts, as they actually took place, constituting the cause of action or ground of defence, were, in all cases, without exception, required to be set forth. It would be utterly impracticable to do so. Indeed, perhaps the greater portion of the matters stated in pleadings are the legal results of what actually occurred, rather than the occurrences themselves, as they

transpired, and this is so much the case, that it has been said, these ultimate results are the true issuable facts, and constitute the only proper objects of averment in pleading.

Of course we do not mean to say that general pleading is admissible now, in like manner and to the same extent that it was under the old law; but only that there are cases now, as formerly, where it is practically impossible, owing to the multiplicity and minuteness of the facts and circumstances constituting the particular matter or point relied upon, to go further than to state the result, as the issuable facts in the pleading, and that the present case is one of that character.

2. If the judgment here relied on as an estoppel were obtained by fraud, it was void. (*Farmer's case*, 3 Coke's Rep. 77. *State* v. *Little*, 1 New Hamp. Rep. 257.) And as the answer insisted upon the invalidity of the note, on the ground of the alleged alteration, and avoided the estoppel by the alleged fraud, it contained a defence to the action, and ought not to have been treated as a nullity.

We express no opinion as to the proper mode of treating an answer which is so indefinite as not to indicate, with sufficient precision, the particular defence intended to be relied upon, but only declare that this answer is sufficient in that particular, and therefore ought not to have been treated as a nullity.

Judge Ryland concurring, the judgment is reversed and the cause remanded.