LEWIS, *Public Adm'r*, v. McCABE, *Adm'r of Long, Appellant.*

A **Public Administrator** who has unlawfully taken charge of an estate cannot maintain an action to recover assets of the estate.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*E. T. Farish* for appellant.

*W. L. Scott* and *T. Z. Blakeman* for respondent.

HENRY, J.—In the case of *McCabe, Administrator of Catharine O. Long, v. Lewis, Public Administrator in charge of the estate of Maynard, ante*, p. 296, we held that Lewis was not legally in charge of said estate, from which it follows that as such administrator he cannot maintain an action. The judgment in his favor affirmed by the court of appeals is reversed. HOUGH and RAY, JJ., concur; SHERWOOD, C. J., and NORTON, J. dissent.

SHERWOOD, C. J., DISSENTING.—A point which is common to the case of *McCabe v. Lewis*, and the present one, the right of the public administrator to take charge of the estate of Maynard, has been discussed in my dissent-

ing opinion in the former case, and will not be further considered. And the same remark applies to the right of the public administrator to institute this suit, as that was incidentally passed upon in discussing the other point. Besides, the defendant in a suit brought by a public administrator cannot require him to show that the facts exist which authorize him to administer. *Wetzell v. Waters,* 18 Mo. 396. And, moreover, if the right of the public administrator to take charge of an estate be granted, it can but logically follow that he may take such steps and institute such proceedings of whatsoever name and nature as will make his administration effectual. So we pass to the controlling questions which this record presents. The circuit court upon preliminary hearing found the charges of the petition that Catharine O. Long, administratrix of the estate of Maynard, fraudulently concealed and converted to her own use personalty belonging to said estate, and subsequently brought such personalty with her to St. Louis. An interlocutory judgment to this effect was entered, and the matter placed in the hands of a referee to ascertain the amount and value of the assets, property and effects of the estate of Maynard thus fraudulently withheld from administration by said Catharine, and by her converted to her own use. The referee performed the duty imposed upon him by the circuit court, and his report was approved. We discover nothing in the finding of fact, of either court or referee, which are not supported by the testimony contained in this record. And it is altogether *de hors* this case whether a divorce had or had not been obtained by Maynard. The relation of wife no more than that of mistress or concubine would confer the authority to embezzle and secrete the property and effects of Maynard after his decease, and fraudulently withhold them from administration. So far as concerns the final settlement made by the administratrix in New Orleans, and the conclusive nature of such settlement, it is a full answer thereto to say : that the facts in this case show that such final settlement is not

conclusive, because obtained by fraud. When fraud in obtaining a judgment is made to appear, the estoppel of the judgment vanishes. *Callahan v. Griswold,* 9 Mo. 784; *Edgell v. Sigerson,* 20 Mo. 494; *Ward v. Quinlivin,* 57 Mo. 425 ; Freeman on Judgments, §§ 250, 491, 591, and cases cited. So that the rights and subject matter involved in the present controversy in consequence of the fraud practiced have never, either in point of law or point of fact, passed *in rem judicatam.*

As to the other points I concur in the conclusions reached by the court of appeals, and am in favor of affirming the judgment.

For these reasons I must dissent from the conclusion reached by a majority of my associates. NORTON, J., concurs with me.