WELLS, FARGO & COMPANY (Incorporated), Respondent, *v.* WELLS-
VILLE, COUDERSPORT AND PINE CREEK RAILROAD COMPANY and
Others, Appellants.

*Injunction granted, with leave to move to vacate it — order not appealable — papers not read on a motion cannot be considered upon an appeal.*

Where an injunction order made at Special Term reserves for an indefinite time the right of the party enjoined to move before the judge who granted it, or at Special Term, to vacate or modify it, the party enjoined cannot appeal therefrom to the Appellate Division, as it appears that he has not exhausted his remedy at the Special Term.

An appeal from an order must be heard on the papers enumerated therein, and which were before the judge or court who made the order, and the fact that an order provides that additional affidavits may be made, served and filed, and that they shall be considered on an appeal therefrom, does not alter the rule nor make it proper for the Appellate Division to consider the additional affidavits.

APPEAL by the defendants, the Wellsville, Coudersport and Pine Creek Railroad Company and others, from so much of an order of the Supreme Court, made at the Chemung Special Term and entered in the office of the clerk of the county of Allegany on the 24th day of August, 1896, as enjoins and restrains the defendants, the Wellsville, Coudersport and Pine Creek Railroad Company, the Buffalo and Susquehanna Railroad Company, and their and each of their officers, agents, attorneys, employees and representatives, during the period hereinafter mentioned, from engaging in the express business on account of the Wellsville, Coudersport and Pine Creek Railroad Company and on account of the Buffalo and Susquehanna Railroad Company, or for or in the interest of any express company other than Wells, Fargo & Co., the plaintiff, or permitting any of the officers, agents of the said Wellsville, Coudersport and Pine Creek Railroad Company or the Buffalo and Susquehanna Railroad Company, or either of them, to receive, handle, carry or deliver any express goods on any account whatsoever, except for Wells, Fargo & Co., the plaintiff, under its certain contract between Wells, Fargo & Co., the plaintiff, and the Wellsville, Coudersport and Pine Creek Railroad Company, dated March 1, 1894. Said injunction, however, shall not apply to or restrain the taking, handling, carrying or delivery of any express goods which in the carrying thereof are carried over no portion of the railway of the Wellsville, Coudersport and Pine Creek Railroad Company, nor of any express goods which, taken at a point within the State of New York, are to be delivered at a point within said State, the carrying of which between said points shall be wholly within said State. Said injunction to continue from the day of the service of a copy of the same to the 1st day of March, 1897, or any day thereafter of which Wells, Fargo & Co. have been given sixty days prior notice of a desire for the termination of the said contract of March 1, 1894, between Wellsville, Coudersport and Pine Creek Railroad Company and Wells, Fargo & Co.

Appeal is taken pursuant to section 1348 of the Code of Civil Procedure.

*Roswell R. Moss*, for the appellants.

*H. C. Mandeville*, for the respondent.

Per Curiam:

It has been held (*Robbins* v. *Ferris*, 5 Hun, 286), and the decision lays down a sound rule of practice, that in case a party moves to vacate an order and his motion is denied, with leave to renew, he cannot appeal from the order, for the reason that he has not exhausted his remedy at Special Term. In the case cited the plaintiff availed himself of the leave granted and also appealed from the first order, but the reason for holding such an order not appealable is as strong in the present case as in the one cited. The order made on the new motion, if any, becomes the final one, determining the rights of the parties, and is appealable.

In the case at bar the order appealed from reserved, without any time limit, the right to the defendants to move before the judge who granted it, or at Special Term, to vacate or modify the injunction order on the papers on which it was granted, or on new affidavits to be opposed by counter affidavits on the part of the plaintiff. The appellants, not having exhausted their remedy at Special Term, the appeal should be dismissed. Besides, the injunction was granted on the papers enumerated therein, in accordance with the rule, but it gave leave to the defendants to make, serve and file additional affidavits which were ordered to be considered on appeal from the injunction order. The defendants availed themselves of this privilege and filed two affidavits, which appear in the record and which we are asked to consider on this appeal. This is wholly irregular, as an appeal from an order must be heard on the papers enumerated therein, and which were before the judge or court making the order. The courtesy of the litigants towards each other is to be commended, but it does not justify this court in reviewing this order.

The appeal should be dismissed, but, under the circumstances, without costs to either party.

All concurred, except Hardin, P. J., not sitting.

Appeal dismissed, without costs to either party.