(109 App. Div. 816)

### In re CULLINAN, State Excise Com'r.

(Supreme Court, Appellate Division, Third Department. December 5, 1905.)

1. COURTS—CO-ORDINATE JURISDICTION—ORDERS—REVIEW.

One Special Term has no power to review an order referring a case to a referee for trial made by another Special Term.

2. INTOXICATING LIQUORS—VACATION OF CERTIFICATE—PROCEEDINGS—REFERENCE.

A statute providing that, on the presentation of a petition for the vacation of a liquor tax certificate and of an answer raising a material issue, the "justice, judge, or court shall hear the proofs of the parties in relation to the allegations of the petition or answer," does not require that the proofs be taken in open court, nor prevent the judge from ordering a reference.

3. SAME—STATUTES—AMENDMENT—EFFECT.

Laws 1905, p. 1731, c. 680, amending the old liquor tax act, and omitting the provision in the old law authorizing the court, if necessary, to take testimony in relation to the allegations of the petition and answer in a proceeding to cancel a liquor tax certificate or appoint a referee to take proofs in relation thereto, and refer the evidence to the justice, judge, or court without opinion, did not deprive the court of the right to appoint a referee to take the testimony in such a proceeding.

Appeal from Special Term, Schenectady County.

Application by Patrick W. Cullinan, as state commissioner of excise, for an order revoking and canceling a liquor tax certificate issued to Joseph J. Maher. From an order appointing a referee, and from another order denying a motion to set aside and vacate the former order, defendant appeals. Affirmed.

The petitioners asked for the revocation of the liquor tax certificate issued to said Maher. Upon the filing of the petition an order to show cause was granted, and upon the return of that order the said Maher duly filed an answer denying certain material allegations of the petition. Thereupon, against the objection of the said Maher, the matter was referred to a referee to take proof in relation to the allegations of the petition and answer, and

report the evidence to the court. It was further ordered that upon the coming in of the referee's report the matter be brought in for a final hearing upon the merits by either one of the parties by giving five days' notice to the opposite party. This order was made at a Special Term held in the village of Saratoga by Justice Spencer. Thereafter a motion was noticed by Maher at a Special Term to be held in the village of Saratoga to set aside this order of reference. This Special Term was held by Justice Henry T. Kellogg, who denied the motion. From these two orders this appeal has been taken by Maher.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Loucks & Loucks, for appellant.
Samuel H. Salisbury, for respondent.

SMITH, J. The appeal from the order made at the Saratoga term held by Mr. Justice Kellogg, refusing to set aside the order of reference, is not well taken. One Special Term has no power to review the order of another Special Term. Such review can only be had upon appeal.

The appeal from the order of reference presents a more difficult question. The law now provides that upon the presentation of a petition and of an answer raising a material issue, "the said justice, judge, or court shall hear the proofs of the parties in relation to the allegations of the petition or answer." In the Matter of Bohm, reported 4 Hun, 558, application had been made to vacate an assessment under chapter 312, p. 366, of the laws of 1874. It was in that law provided for an application to a judge of the Supreme Court at Special Term or in vacation, "who shall thereupon, upon due notice to the counsel of the corporation of the city in which the lands so assessed are situated, proceed forthwith to hear the proofs and allegations of the parties." It was held that under this requirement of the statute the court might order a reference to take evidence and report to the court. In discussing the right to order a reference Justice Daniels says:

"It is claimed, however, that the act requires the proofs to be taken in open court. But that is clearly a misapprehension. It simply provides that the court shall proceed forthwith to hear the proofs and allegations of the parties, not that they shall be taken as well as heard before the court. How the proofs are to be taken the Legislature has not provided. And for that reason they may be taken as that is usually done in similar proceedings."

Justice Daniels proceeds then to discuss the right to order a reference, and holds that in all special proceedings a reference may be ordered to take evidence and report to the court upon the issues raised. The statute construed in the case cited is precisely similar to that in the case at bar. This decision is controlling authority upon the construction of the statute governing this case.

The appellant contends, however, that a contrary intent is indicated by the amendment of the statute made by chapter 680, p. 1731, of the Laws of 1905. Before that act the statute read that, in case of material issue made, the judge or court should hear the proofs of the parties, and, further, "may, if deemed necessary or proper, take testimony in relation to the allegations of the petition or answer, or appoint a referee to take proofs in relation thereto, and report the

evidence to such justice, judge, or court, without opinion." This part of the old statute was omitted in the amendment made by chapter 680, p. 1731, of the Laws of 1905. The appellant argues that this omission could only signify the intent of the Legislature that the proofs should be taken before the court, and not before the referee. The argument is not without force. Under all the circumstances under which the law was amended, however, we are of the opinion that it is not controlling. In the first place, the statute as it now reads authorizes a reference under a construction which has been for a long time settled by the courts. Again, we can conceive of no question of public policy, as in the case of divorce actions, which would induce the Legislature to place so large a burden upon the courts which could be, under well-settled practice placed upon referees, who should report the evidence to the court. This might not be so burdensome in the country districts, but in Greater New York, to which the act also applies, the courts are already so burdened that important litigation is much too long delayed. A construction of the statute should not, therefore, be unnecessarily adopted which would increase the necessary delays in the consideration of important litigation by the courts.

Somewhat analogous to this question was the question upon the amendment to the statute of frauds made by chapter 464, p. 802, of the Laws of 1863. Prior to that statute, the Revised Statues required that in certain cases every agreement should be void unless such agreement or some note or memorandum thereof "expressing the consideration" be in writing and subscribed by the party to be charged therewith. In 1863 the law was amended by the chapter referred to, which left out the clause "expressing the consideration." The courts have since held that the agreement or memorandum thereof was not complete without the expression of a consideration, and, therefore, that the omission of those words from the statute as amended created no change in the law. See Drake v. Seaman, 97 N. Y. 230. In the amendment referred to the omission of these words constituted the only amendment made, while by chapter 680, p. 1731, of the Laws of 1905, there are numerous amendments made to the general law. The omission might, therefore, well have been made through inadvertence. In such case the amendment would be without the significance claimed for it by the appellant upon this argument. Our attention is just called to a decision of the Appellate Division, First Department, in Matter of Lawson (not yet reported), in which the same conclusion is reached, though by a divided court.

The order of August 12th, therefore, is affirmed, without costs. The order of July 8th, appealed from, is affirmed, with $10 costs and disbursements. All concur.