---

(111 App. Div. 860)

### In re HUDSON WATERWORKS.

(Supreme Court, Appellate Division, Third Department. March 13, 1906.)

**1. APPEAL—APPEALABLE ORDER.**

An appeal lies from an order denying, because a proper bond was not presented, an application to file an undertaking for the purpose of discharging a lien against the amount due a contractor from a municipal corporation for the construction of a public improvement, although such order gives the privilege to renew the motion on additional papers; such permission giving the applicant no further right than he would otherwise . have.

**2. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—DISCHARGE OF LIEN—UNDERTAKING—BY WHOM SIGNED.**

Laws 1897, p. 524, c. 418, § 20, as amended by Laws 1898, p. 318, c. 169, provides in subdivision 5 that a lien against the amount due a contractor from a municipal corporation may be discharged by a contractor executing an undertaking, with two or more sufficient sureties, in such sums as the court may direct, conditioned for the payment of any judgment which may be recovered in an action to enforce the lien. Laws 1897, p. 515, c. 418, § 2, defines the term "contractor" as "a person who enters into a contract with the owner of real property for the improvement thereof," and section 22 of said act provides that the article "is to be construed liberally to secure the beneficial interests and purposes thereof." *Held*, that the assignee of a contractor stands in the latter's place, and may procure a discharge of the lien by filing an undertaking as principal.

Appeal from Special Term, Columbia County.

In re Hudson Waterworks. From an order denying the application of the National Commercial Bank of Albany for the discharge of a lien on moneys due for the construction of waterworks in the city of Hudson, it appeals. Reversed.

Hurd, Sherman & Co., a corporation, had contracted with the city of Hudson for constructing a part of the system of waterworks, which was authorized by chapter 187, p. 332, Laws 1904. One John Stackpole filed with the city treasurer of Hudson a notice of lien on the said public improvement to the amount of $822. The National Commercial Bank of Albany presented to a justice of the Supreme Court an undertaking which was signed by itself as principal and with the American Surety Company of New York as surety, and

asked for a discharge of the lien of said Stackpole. By affidavit upon the application it was shown that this contract of Hurd, Sherman & Co., and all moneys due and to grow due thereon, had been assigned by the said corporation to the said bank. The justice hearing the application made the following order: "The National Commercial Bank of Albany having executed an undertaking with the American Surety Company of New York as surety, and having served a copy of the same, together with a notice that the said undertaking would be presented to me at my chambers, in the city of Hudson, N. Y., on the 4th day of November, 1905, at 9 a. m., and that the surety thereunder would justify at such time and place, and said special proceeding having been duly adjourned from time to time to this date: Now, on reading and filing the said undertaking and notice, and due proof of service filed therewith, and the affidavit of J. Murray Downs, verified November 16, 1905, and it appearing to me that the said undertaking is not such an undertaking as is contemplated by Laws 1897, p. 524, c. 418, § 20, subd. 5, as amended by Laws 1898, p. 318, c. 169, and for that reason I have decided to decline to pass upon the sufficiency of the said undertaking, or its form, or the sufficiency of the surety; and after hearing Rosendale & Hessberg, attorneys for the National Commercial Bank of Albany, and Brownell & Tilden, attorneys for the above-named lienor. It is ordered that the said application to file the said undertaking for the purpose of discharging the said lien be, and the same hereby is, denied, on the ground that the said undertaking is not such an undertaking as is contemplated by Laws 1897, p. 517, c. 418, § 20, subd. 5, as amended by Laws 1898, p. 318, c. 169, and without prejudice, however, to a renewal on additional papers." From this order the National Commercial Bank of Albany has appealed to this court.

Argued before PARKER, P. J., and SMITH, CHESTER, and KELLOGG, JJ.

Rosendale & Hessberg (J. Murray Downs, of counsel), for appellant. Brownell & Tilden (John L. Crandell, of counsel), for respondent.

SMITH, J. The right of the appellant to appeal from this order is challenged because of the privilege given therein to renew the motion upon additional papers. The application was denied because a proper bond was not presented. If the right to renew upon another and proper bond were dependent upon this permission, the order would probably not be such a final order as to authorize an appeal. See Robbins v. Ferris, 5 Hun, 286; Wells, Fargo & Co. v. W. C. & P. C. R. R. Co., 12 App. Div. 49, 42 N. Y. Supp. 225. The bank, however, might without such permission have presented another bond and might have asked the judge to approve of the same. The permission therefore to apply upon additional papers would seem to give no further right to the appellant than it would otherwise have. Notwithstanding such privilege, therefore, it may consistently appeal if the approval of its bond was improperly refused. Section 20, c. 418, p. 524, Laws 1897, as amended by chapter 169, p. 318, Laws 1898, provides for the discharge of a lien for a public improvement. It is therein provided that a lien against the amount due or to become due a contractor from a municipal corporation for the construction of a public improvement may be discharged as follows:

"* * * (5) Either before or after the beginning of an action by a contractor executing an undertaking with two or more sufficient sureties, who shall be freeholders, to the state or the municipal corporation with which the notice of lien is filed, in such sums as the court or a judge or justice thereof may direct, not less than the amount claimed in the notice of lien, conditioned for the payment of any judgment which may be recovered in an action to enforce the lien."

The holding of the learned judge seems to have been that the bond was insufficient because it was signed not by the contractor, but by the National Commercial Bank, the assignee of the contractor, and that, in order to procure a discharge of the lien under this provision of the law, the bond must be signed by the original contractor with the municipality. No other criticism is made of the bond presented. In section 2, c. 418, p. 515, Laws 1897, the term "contractor" is defined as "a person who enters into a contract with the owner of real property for the improvement thereof." By strict interpretation this would seem to exclude either the personal representatives of a deceased contractor or his assigns. Under the strictest interpretation of the statute an assignee of the contractor might procure a discharge of the lien if only the contractor himself be upon the bond. No reason is suggested, however, why the bond of the contractor should be required and the bond of the assignee prohibited, nor can any reason be assigned why the representatives of a deceased contractor should not be allowed to procure this money upon the giving of a bond with a sufficient surety. The surety must be approved by the judge, which is ample protection to the municipality. It can hardly be conceived that the legislative intent was to bar the representatives of a deceased contractor from this right to procure a discharge of the lien or to bar an assignee of the contract from recovering the moneys which are his by assignment duly made, providing the contractor refused to join in the undertaking. We are of opinion, therefore, that this provision should not receive the strict construction contended for by the respondent, but that within the permission of the statute an assignee of the contract and of the moneys due thereupon may procure a discharge of the lien by filing an undertaking in which the assignee shall appear as principal and with such surety as is provided by the act of which the justice may approve.

We are not unmindful of the change in the phraseology of the lien law from former lien laws, as found in chapter 315, p. 403, of the Laws of 1878, and chapter 629, p. 1180, of the Laws of 1892. In those acts the term "contractor" was defined as the person with whom the contract with the city is made, his assigns, or legal representatives. In the present act the words "assigns or legal representatives" are omitted from the definition of the term "contractor." Prima facie this would seem to indicate an intent on the part of the Legislature to deprive either the assignee or the legal representatives of a contractor of the benefits of this provision of the act of 1897 as amended by Laws of 1898.

The contention that such an amendment is not conclusive evidence of such intent finds some support in our holding in the Matter of Cullihan (Maher Certificate), 109 App. Div. 816, 96 N. Y. Supp. 751. The inconvenience that would arise from the strict construction of the statute which has been given by the learned judge before whom the application was made, and the inability of respondent's attorney to suggest any conceivable ground for withholding either from the representatives of a deceased contractor or from his assignee the right to make this application, lead us to give to the statute a liberal interpretation, and to hold that the assignee stands in the place of the contractor, and is

entitled to the privilege given to the contractor by the provisions of
the statute quoted. It is provided in the act itself, by section 22, that
the article "is to be construed liberally to secure the beneficial interests
and purposes thereof." Laws 1897, p. 525, c. 418. By section 32, c,
677, p. 1492, Laws 1892 (the statutory construction law), it is provided:

"The provisions of the law repealing a prior law which are substantially re-
enactments of provisions of a prior law shall be construed as a continuation
of such prior law and not as new enactments."

The order of the justice refusing to approve the undertaking as
sufficient should be reversed.

Order reversed, with $10 costs and disbursements, with leave to
renew application upon the same or additional papers to any justice
of the Supreme Court. All concur.