## LAKE v. LAKE.

(Supreme Court, Appellate Division, Third Department.   January 15, 1908.)

1. APPEAL—APPEALABLE ORDER.
   An order dismissing, for want of sufficient evidence, without prejudice to a renewal thereof on further evidence, an application on affidavits to set aside a decree of divorce, claimed, as attempted to be shown in the affidavits, to have been procured by fraud and duress of plaintiff's husband, is final and appealable, at least in the absence of a showing that the provision for leave to renew was inserted by request of, and for the benefit of, plaintiff.

2. DIVORCE—ANNULMENT—COERCION—EVIDENCE.
   A prima facie case for annulment of a decree of divorce on the ground that the husband coerced the wife to obtain it is made by her affidavit that, while they were living in harmony, he told her he wanted her to get a divorce, and that he would furnish the evidence, and that, if she refused to get it, he would abandon her and her child, that she did not wish to get a divorce and told him so, but, on his insistence, consented, and the divorce was obtained on evidence furnished by the husband to her attorney.

3. SAME—REMARRIAGE OF PARTY.
   That one whose wife is coerced by him to procure a divorce immediately remarries, though the decree forbids his remarriage, is immaterial on the question of annulment of the decree.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 539.]

   Smith, P. J., and Cochrane, J., dissenting in part.

Appeal from Special Term, Washington County.

Action by Grace M. Lake against L. Frank Lake,   Plaintiff's application to set aside the judgment of divorce was denied, and she appeals.   Reversed and remitted for rehearing and decision.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Amasa J. Parker (J. Newton Fiere, of counsel), for appellant.
Charles O. Pratt (Edgar T. Brackett, of counsel), for respondent.

SMITH, P. J. Plaintiff's application was to set aside a judgment for divorce, procured, as she claims, by fraud and duress on the part of her husband. The affidavit shows that, while they were living together in apparent harmony, he came to her and told her that he wanted her to get a divorce, and that he would furnish the evidence upon which it could be obtained; that, if she refused to get a divorce, he would abandon her and her child, and go West. She did not wish to get a divorce, and told him so; but, upon his insistence, she finally consented, and consented to take for herself and child the sum of $2,000, and release all claims for alimony and support. She and her husband lived together as husband and wife until they went to a lawyer's office and signed an agreement for the allowance of $2,000 in lieu of alimony, and at that time the summons was served upon the defendant. The husband furnished to the attorney for the plaintiff the evidence upon which a divorce was afterwards obtained. In the decree of divorce it was provided that the defendant should pay $10 a month for the support of the child. After the decree was finally obtained, the $2,000 provided for in the agreement was delivered to the plaintiff. The plaintiff alleges that she agreed to take $2,000 upon his insistence that he was poor, and could afford to pay no more, but she now alleges on information and belief that he has property to the value of $30,000. Within seven days after the decree of divorce was signed he went into the state of Vermont and married again. She asks that the decree of divorce be set aside, as having been obtained by fraud and coercion.

In the order denying the motion, it is stated that the order is denied for want of sufficient evidence, without prejudice to a renewal thereof upon further or additional evidence, with $10 costs to the plaintiff.

The respondent first contends that the order is not appealable because it is not a final order; that, by the leave to renew therein given, the plaintiff has further remedy before the Special Term, and, until that remedy is exhausted, she cannot appeal to this court. In my judgment the respondent's contention in this matter is sustained by authority. Robbins v. Ferris, 5 Hun, 286; Wells, Fargo & Co. v. W. C. & P. C. R. R. Co., 12 App. Div. 47–49, 42 N. Y. Supp. 225. This rule has, I think, been recognized in this court in the matter of the Hudson Waterworks, 111 App. Div. 860–862, 98 N. Y. Supp. 33. The leave to renew the motion given to her by the order appealed from was a favor to her, presumptively granted at her request. If she may also appeal while that remains in the order, she is nowhere required to elect which remedy she will pursue, and evidently has both remedies. It seems to me to have been reasonably held that, while that permission remains in the order, she cannot appeal. If she would appeal, she should have that provision expunged from the or-

der, or, at least, should have presented with her notice of appeal a stipulation waiving the benefit thereof. In this matter, however, I am overruled by my associates, and am thus brought to the consideration of the merits of the motion.

This order was denied upon the affidavits presented by the plaintiff. No affidavits were read or called for on behalf of the defendant. The sole question to determine, then, is whether upon the affidavits of the plaintiff a prima facie case is presented for the annulment of this decree.

That such prima facie case was thus presented by the affidavits of the plaintiff seems to me to admit of little doubt. The right of a party to the marriage contract to have that contract dissolved by reason of the infidelity of the other party thereto is given as a favor to the injured party. It was never intended to be used as a means whereby the wife should be forced to dissolve the contract. The court at the request of a wife so desiring grants a divorce by reason of the infidelity of the husband, but that request must be voluntary. If the wife's request be coerced, if the judgment be obtained upon a request of the wife, which she has been forced to make, that judgment should be set aside by the court which granted the same. The statement of the proposition would seem to be sufficient to its establishment. If aught else be necessary, however, the mischief that would follow any other rule would make such a holding imperative. If any married man can by coercion force his wife to procure from him a divorce that he may marry another woman, or for any purpose, the insecurity of that relation becomes at once apparent, and the Legislature might better change the rule and grant divorces on request simply than to leave wives subject to coercion, which would be practiced upon them in order that the husband may get his freedom. Where, therefore, it appears to the court that the wife's application has not been free and unrestrained, the judgment of divorce should be annulled.

In the case at bar the plaintiff's affidavit contained allegations clearly showing a coercion upon her husband's part, and that the judgment of divorce was the result of that coercion. These affidavits appear upon the record unanswered in any way. It may be that they were insufficient to satisfy the mind of the Special Term justice, but in a case of this nature, where the public has an interest and is a party thereto, the motion should not be denied for insufficient proof. If necessary, a reference should be ordered, that the facts may be shown more fully. In fact, it would seem that, upon a mere suggestion of coercion, the court would order a reference to ascertain the facts, that it may be satisfied that no imposition has been practiced upon the court, and that the remedy which is given to a wife as her shield has not been used as a sword to slay her.

The fact that the defendant is again married is entirely without relevancy. The marriage was within seven days of the entry of the judgment of divorce, which judgment absolutely forbade the defendant's remarriage. It is not probable, even if it were material, that the woman whom he afterwards married was innocent of all knowledge of the provisions of the decree and the circumstances under which it was obtained.

In this case, however, this court should not grant this order, although the plaintiff seems to have made a prima facie case therefor. The defendant should be heard.

The order should, therefore, be reversed, and the matter remitted to Special Term for rehearing and decision.

Order reversed, with $10 costs and disbursements, and matter remitted to the Special Term for rehearing and decision.

COCHRANE, J., concurs.

CHESTER, J. (concurring). If the provision in the order granting leave to renew the motion upon further or additional evidence was inserted therein by request of the plaintiff, and for her benefit, I would agree that she should not at the same time have the benefit of that provision and also of the right to appeal; but there is nothing in this record showing that the provision was inserted at her request or for her benefit. She is here insisting, as she did at the Special Term, that the papers used upon the motion were sufficient to require the granting of the relief she asked. The court has, however, denied her that relief "for want of sufficient evidence." As it does not appear that she asked and obtained permission to renew, we should not under the circumstances presented here indulge in the presumption that she procured the insertion of the provision in the order, and she ought not to be deprived of the right to have the sufficiency of her papers determined upon appeal after the denial of the relief she sought at Special Term. In other respects I agree with the opinion of the learned presiding justice.

JOHN M. KELLOGG, J. I concur in the result. The order in question denies the plaintiff's motion "for want of sufficient evidence, without prejudice to a renewal thereof upon further or additional evidence." We are holding in the prevailing opinion that this order is erroneous, and that, upon the facts shown in the moving papers, the defendant is entitled to relief. We may fairly assume that she disclosed her whole case upon the motion, and that it is not probable that she has further or additional evidence to produce. The order appealed from is final determination that upon the facts shown appellant can have no relief. The order recites the defendant as opposing the motion. We therefore assume that the order and the whole of it is made without her consent. If she took a position upon the hearing of the motion which is inconsistent with her right to appeal, that fact might have been shown upon a motion to dismiss the appeal. No such fact appearing, she has a clear right to a reversal of the erroneous order, which is prima facie a final determination of her rights. The authorities relied upon in the prevailing opinion do not sustain the position for which they are cited. The case of Robbins v. Ferris, 5 Hun, 286, is not fully reported, but it is explained in Wells-Fargo Company v. W. C. & P. C. R. R. Co., 12 App. Div. 47, 42 N. Y. Supp. 225. From the report of the Robbins Case, as explained in the Wells-Fargo Case, it appears that the defendant moved to vacate an order of arrest, which motion was denied, with leave to renew. He renewed the mo-

tion, and was again defeated. He then appealed from both orders. The appeal from the first order was dismissed upon the ground that the second order was the final determination of the controversy and the proper order to be appealed from. The second order was affirmed apparently upon the merits. Having renewed his motion pursuant to the permission in the first order, it is clear he had waived his remedy to appeal, and the first order, after the renewal motion was decided, was purely academic and ceased to be of any force. In the Wells-Fargo Case an injunction order gave the defendant permission to move before the judge who granted it, or at Special Term, to vacate or modify it on the papers upon which it was granted or upon other papers, and clearly pointed out to the defendant, as its only remedy, to move against the order, and not appeal from it. It was not a final determination of any question. In the Matter of Hudson Waterworks, 111 App. Div. 860, 98 N. Y. Supp. 33, the appellant, a national bank, the assignee of the contractor, moved to discharge a mechanic's lien upon a bond executed by itself and a surety. The court denied the motion upon the ground that the bank as assignee could not execute the bond, but that it could only be executed by the contractor, which denial was without prejudice to a renewal upon additional papers. Instead of renewing the motion, the bank appealed to this court and the order was reversed; that court holding the order appealable and the bond sufficient. In none of the cases cited was the question now being considered decided, and I do not think those cases authority for the proposition that this order is not appealable.

The order appealed from is a final determination of the motion, and is appealable. The appellant is not deprived of the right to reverse an erroneous order because the order is without prejudice to a renewal upon a different case and upon other papers.

SEWELL, J., concurs.