BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1925.

---

VERNA E. JONES, Respondent, v. JOHN H. JONES, Appellant.*

In the Springfield Court of Appeals. Opinion filed May 13, 1925.

DIVORCE: Jurisdiction: False Affidavit of Residence: Decree of Divorce Held Void Where Jurisdiction Based upon False Affidavit of Residence of Petitioner. Where court granted default decree of divorce, jurisdiction being based upon false affidavit of residence of petitioner, such false affidavit was a fraud upon the court, vitiating the decree, and upon proper motion made during the same term of court, court had no discretion in the matter, but was required to set the decree aside; section 1812, Revised Statutes of 1919, prohibiting petition for review of decree in divorce actions, being inapplicable to case at bar.

---

*Headnote 1. Divorce, 19 C. J., Section 412 (Anno).

Appeal from the Circuit Court of Jasper County.—*Hon. Grant Emerson,* Judge.

REVERSED AND REMANDED.

(301

*Owen & Davis,* of Joplin, for appellant.

(1)   The act of the plaintiff in coming to Missouri where she and the defendant had lived for many years, and were then living, and having her petition for divorce prepared, alleging her residence in Missouri, and the non-residence of defendant and swearing to such petition, and then returning to Oklahoma and living with her husband for several days, and then moving up to her mother's in Missouri and within six days thereafter filing such suit, and upon the hearing swearing to its allegations was a fraud practiced upon the court to induce the court to assume jurisdiction, and certainly constitutes sufficient reasons for setting aside the decree so obtained. Irvine v. Leyh, 102 Mo. 209; Howard v. Scott, 225 Mo. 685; Fitzpatrick v. Stevens, 114 Mo. App. 501; McDermott v. Gray, 198 Mo. 266; Dorrance v. Dorrance, 242 Mo. 648. (2)   The defendant resided in the State of Oklahoma and had so resided for several years, and his wife and children were there with him, they both voted there in April, 1923, the residence of the husband is the residence of the wife, until she takes up her abode somewhere else with the intention of severing her relations and establishing her residence elsewhere.   State ex rel. v. Wurdeman, 129 Mo. App. 263; 14 Cyc. 584; 19 C. J. 31.   (3) The plaintiff never came to the State of Missouri with the intent or purpose of making this State her home, but only to obtain her divorce without letting her husband know of her intentions, she must become a resident in good faith. 19 C. J. 370.

BAILEY, J.—This appeal is from an order of the circuit court of Jasper county, overruling a motion to set aside a decree of divorce rendered therein.

Plaintiff's petition, which was filed August 10, 1923, after alleging certain indignities offered plaintiff by defendant, sets out that two children, of tender years, were born of the union; that plaintiff was a resident of Jasper county, Missouri, and had lived in this State one

whole year next before the filing of the petition; that defendant was a non-resident and that the ordinary process of law could not be served upon him. The petition was duly verified. Constructive service was had on defendant by publication in the Webb City Sentinel, a newspaper published in Jasper county, and not infrequently used for that purpose.

The cause coming on for trial and the defendant not appearing, a decree was rendered September 28, 1923, granting a divorce to plaintiff as well as custody of the little children. Shortly thereafter, on October 1, 1923, and during the same term of court at which said decree was granted, defendant filed his motion to have same set aside on the principal grounds, that the decree was granted through misrepresentation and fraud by plaintiff upon the court; that plaintiff and defendant had been living together in Picher, Oklahoma, for more than one year prior to the 28th day of July, 1923, and that the State of Oklahoma, was the residence and home of plaintiff and defendant up to about that time and that they had not lived in the State of Missouri for more than six years prior to the date of filing the suit; that the court had no jurisdiction to try the cause. The motion further sets out that defendant has a meritorious defense and asks that he be permitted to file an answer and defend. The motion was sworn to by defendant. A hearing was had on this motion, plaintiff appearing by her attorney, and defendant appearing in person and by attorneys.

The evidence introduced in support of the motion tended to prove, beyond any question, that defendant and his wife had been living together as husband and wife at Miami, Oklahoma, for several years and until a few days or weeks before the suit was filed on July 28, 1923; that plaintiff and defendant were together quite often during the summer of 1923, even after the divorce suit was filed, and, according to defendant's testimony, he saw her the very day before the decree was granted.

The plaintiff never mentioned to him the fact that she had filed suit for divorce. Defendant had no knowledge of the matter until he read an account of the decree in a local paper. There were some five or six witnesses besides defendant, who swore positively that plaintiff was a resident of Oklahoma during practically all the year next before the date of filing the divorce petition.

No evidence was offered on the part of plaintiff; at the hearing on the motion there was some testimony indicating she had left the State on the same day and immediately after her divorce was granted and in all probability in company with some fellow from Oklahoma. The children were left behind with plaintiff's mother.

The trial court, after hearing the evidence made an order overruling defendant's motion, but made a further order modifying the divorce decree to the extent of setting aside that part of the decree awarding custody of the children to plaintiff and granting the exclusive care, custody and control of said children to defendant. From this order, defendant has appealed.

The trial court's action in modifying the divorce decree indicates the learned judge was fully convinced a fraud had been committed on the court. The record does not disclose the reasons which may have actuated the court in refusing to set aside the decree under such circumstances, but it is reasonable to presume the courts' action was based on public policy and a desire to cause as little complication from the situation as possible. This case is not a petition for review, bill in equity or collateral proceeding, but a direct attack made on the decree of the circuit court at the same term at which the decree was granted and no question arises under the provisions of section 1812, Revised Statutes 1919, which prohibits a petition for review. The only question we have to decide is whether, under the facts disclosed, the trial court had any discretion in the matter, or in other words, where the facts disclose jurisdiction was attempted to be conferred on the court by a false affidavit

as to residence in a divorce petition, can the court refuse to set the decree aside on proper motion made during the same term of court.

The false affidavit as to residence was a fraud upon the court. Fraud vitiates everything, including judgments and decrees of courts. [Lewis v. McCabe, 76 Mo. 307.] Our Supreme Court has indicated that it is opposed to encourage those who would attempt to subvert the statutes which confer jurisdiction.

If those who are guilty of perpetrating fraud upon the court in order to confer jurisdiction, shall be permitted to succeed in their design, even after the matter is called to the attention of the trial court, then others will become more bold, the law will be held in even greater contempt and be violated with impunity. There could be but one reason for permitting decrees obtained in divorce suits by fraud upon the court to stand, and that is to protect some innocent person, who has relied upon such decree, from suffering humiliation or disgrace. On this phase of the question the language used in the leading case of Dorrance v. Dorrance, 242 Mo. l. c. 659, 148 S. W. 94, is very pertinent. The Supreme Court there held that: "The doctrine that the last husband or wife takes precedence of all predecessors is a dangerous one, which we should feel slow to follow. There may be instances, as Judge Scott suggests (Smith v. Smith, 20 Mo. 166), where innocent women will suffer in maintaining the integrity of the marriage relation; but in such cases the suffering will not come from the protection extended by the courts to those who honestly and sincerely fulfill the obligations incident to that relation, but from the fraud and wrong of those who treacherously violate them. If we prevent frauds of this kind, there will be no victims. If we encourage and condone them the victims will always be at our doors clamoring for justice. The policy indicated in the judgment of the circuit court in this case would hold out the promise of easy success to men and women who desire to free them-

selves from their present matrimonial obligations for the purpose of contracting new ones, and every case would have its innocent victim. If the ties that bind us in our domestic relations are to be strained and broken, the responsibility should not rest upon the court.''

The facts in the Dorrance case, in so far as the fraud upon the court is concerned, are very similar to those in the case at bar. The judgment of divorce was held void as between the parties and set aside. We are bound to follow that decision. The order of the circuit court in overruling defendant's motion should be reversed, and the cause remanded with directions to sustain said motion, and it is so ordered.

All concur.