Norma J. BERNSTEIN, Appellant,

v.

Jehudah S. BERNSTEIN, Respondent.

No. 23377.

Kansas City Court of Appeals.

Missouri.

Nov. 6, 1961.

Koenigsdorf, Kaplan, Kraft & Stoup, Chester B. Kaplan, Kansas City, for appellant.

No appearance, for respondent.

MAUGHMER, Commissioner.

On April 8, 1958, plaintiff Norma Bernstein petitioned the Circuit Court of Jackson County, Missouri, to set aside the divorce decree which she had secured from her husband Jehudah S. Bernstein in that court on September 10, 1952. It is her contention that she was caused to procure the divorce by the fraud and coercion of her husband. Service on defendant was by registered mail. He appeared specially and filed motion to quash, which the trial court first sustained and then overruled. Defendant took no part in the further proceedings either in this court or in the Circuit Court. The trial court, after hearing plaintiff's evidence which consisted solely of her own testimony, found the issues against plaintiff and entered judgment accordingly.

■ This being a proceeding in equity, we review the case de novo upon both the law and the evidence. We determine on the whole record what relief, if any, should be granted. McCarty v. McCarty, Mo., 300 S.W.2d 394, 399; Picadura v. Humphrey, Mo., 335 S.W.2d 6, 12.

■ The transcript does not reveal the date on which these parties were married. However, on September 10, 1952, plaintiff, having brought the suit, was granted a decree of absolute divorce from defendant and was awarded custody of their minor daughter Tamar Bernstein. Service by publication only was had on defendant. The decree included no judgment for alimony or child support, nor had Mrs. Bernstein requested the allowance of either. It should here be noted that the father's obligation to support his child is in no way limited, impaired or restricted by the divorce decree. Mrs. Bernstein testified that

at the time of the second hearing he was paying $18.00 per week for such support.

In support of her charge that the divorce was the result of fraud, duress and coercion plaintiff testified as follows: That she was unaware at the time that such a divorce decree would preclude any later claim for alimony; that her married life with defendant had been one of physical and mental abuse, he having "kicked and knocked me"; that on the question of divorce "Mr. Bernstein was inconsistent". He said "he did not want to be a divorced man and divorces cost money"; that her husband represented himself as being insolvent and she believed him; that he made no property settlement with her; that at the time of and prior to the divorce she was ill and was undergoing treatment from psychiatrists at Menorah Hospital Clinic—from both doctors and a social worker, each of whom urged and insisted that she get a divorce—else she could not be cured of her illness; that she was afraid of her husband; that he deserted her and from correspondence with him she learned that all he wanted was a divorce. She expressed her belief that Mr. Bernstein was not insolvent at the time of the divorce, but submitted no facts proving such a conclusion. She stated that some years after the divorce she learned that defendant's father "recently died and left four life insurance policies" and defendant assumed his father's "position of responsibility and takes care of the books of this million and a half dollar concern in New York". Mrs. Bernstein declared that her former husband refused to give her a "Gett" which is apparently a religious decree of divorce issued by the Jewish church hierarchy, but that he had remarried. It appears from plaintiff's testimony that she has had defendant "investigated" for several years, has checked him with Internal Revenue and brought him into court for child support on numerous occasions.

■ For plaintiff to prevail in the present controversy she must establish two propositions—one of law and one of fact. She must show that the court possesses jurisdiction to grant her prayer to annul or set aside the judgment of divorce and she must show that factually she is entitled to such relief.

■ Under Section 452.110 RSMo 1959, V.A.M.S., "No petition for review of any judgment for divorce, rendered in any case arising under this chapter, shall be allowed, any law or statute to the contrary notwithstanding; but there may be a review of any order or judgment touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as in other cases". This statute has long been in effect in this state and is the fixed public policy.

In Jones v. Jones, Mo.App., 254 S.W.2d 260, 261, 262, the husband brought suit to set aside a divorce decree upon the ground of fraud in its procurement. The gist of his complaint was that although he knew his wife's suit was pending, they had resumed cohabitation, he believed they had become reconciled and it was a fraud upon him and the court for her to proceed with the action, thereby depriving him of his meritorious defense. His action was dismissed and on appeal the court said: "It is well established that equity has jurisdiction to grant relief against a judgment upon the ground of fraud in its procurement so long as the complaining party is able to show that he himself was free from fault, neglect, or inattention to his case. But for the fraud to have existed in the procurement of the judgment, it must have related, not to the propriety of the judgment itself, but to the manner in which the judgment was obtained. In other words, the fraud must have been extrinsic or collateral to the matters which either were or could have been presented and adjudicated in the original proceeding, and not merely intrinsic in the sense of having pertained to the merits of the cause upon which the judgment of the court was rendered. In

short, it is not the province of this feature of equitable jurisdiction to afford the losing party a retrial of matters either tried or concluded by the original proceeding, but instead relief is limited to those instances where the fraud was of such a character as to have forestalled an opportunity for the fair submission of the controversy".

In McCarty v. McCarty, Mo., 300 S.W.2d 394, 400–401, James McCarty had been granted a divorce from his wife Betty Jane McCarty. After the decree had become final Mrs. McCarty brought suit to set aside the divorce and to have declared null and void a warranty deed and a property settlement executed prior to the divorce but in contemplation thereof. On appeal the court refused to set aside the divorce and disclaimed jurisdiction to do so but rescinded the property settlement, holding that an unfair advantage had been taken of her and she had been overreached. On the question of jurisdiction to set aside a divorce decree, the court, after reference to Section 452.110, supra, disallowing any petition for review of a judgment of divorce, said: "In the above referred to cases cited by appellant the fraud consisted of wrongful acts committed by the plaintiff in a divorce suit for the purpose of causing the court to accept jurisdiction of the case improperly, or which caused the defendant therein to give up the right to defend the action when she otherwise would not have done so. Those acts were held to constitute fraud in the procurement of the divorce extrinsic to the matters which were or could have been adjudicated at the divorce hearing. Such conduct has generally been recognized as grounds for a court of equity to set aside the judgment for divorce. Dorrance v. Dorrance, 242 Mo. 625, 148 S.W. 94; Jones v. Jones, 218 Mo.App. 301, 272 S.W. 1038; Hairs v. Hairs, 222 Mo.App. 941, 300 S.W. 540; * * * See also Grages v. Grages, Mo.App., 184 S.W.2d 749(1) and Crain v. Crain, Mo.App., 205 S.W.2d 897(2)".

Among others, appellant relies upon Cobb v. Cobb, 43 S.D. 388, 179 N.W. 498, which holds that the husband's false representation inducing the wife to sue for divorce, where no alimony was allowed, could be ruled a fraud upon the court so as to confer jurisdiction to vacate the judgment; to Dennis v. Harris, 179 Iowa 121, 153 N.W. 343, where it was held jurisdiction existed to set aside a divorce decree and for (a) increase in alimony or (b) distributive share in husband's estate, where the wife acted under "duress" of her husband in bringing the original suit, and to Lake v. Lake, 124 App.Div. 89, 108 N.Y.S. 964, where the court held that allegations of coercion impelling a wife to procure divorce were sufficient to raise question as to annulment of the divorce. However, these are not Missouri cases and those states apparently do not have a statute similar to ours.

■ Mrs. Bernstein asks that the divorce be annulled because: 1. She was unaware that such a decree would forever preclude her from securing alimony. We are not sure this is true, but even if it is, her husband made no representations to her as to this matter and she had her own personal and private lawyer at the time. 2. She says her husband was inconsistent —"didn't want to be a divorced person", but from correspondence she "learned all he wanted was a divorce". This shows neither fraud nor coercion. 3. She was afraid of him and she was sick. Such facts prove neither fraud nor coercion. Moreover, the urging that she get a divorce seems to have come from the psychiatrists and social worker, with no showing that their advice was prompted by Mr. Bernstein.

Appellant also says her husband represented himself to be insolvent and that he was not and is not insolvent. This question of alimony, which appears to be the chief, if not the sole cause of plaintiff's discontent, was not adjudicated in the original

proceeding nor could it have been since defendant was neither personally served nor did he appear generally. Beckmann v. Beckmann, Mo.App., 218 S.W.2d 566; Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565.

In the matter before us defendant has never in either case taken any affirmative court action. The wife has always been the movant. In the original divorce action she was represented by counsel. She knew or should have known that she could not receive alimony upon service by publication and that she was not going to receive judgment for alimony. All she sought at the time was a divorce and custody of the child. It was held in Edson v. Fahy et al., Mo., 330 S.W.2d 854, 859, that a petition to set aside a divorce decree is defective if it fails to allege that petitioner was free from fault, neglect or inattention. Moreover, her factual testimony as to the fraud allegedly perpetrated upon her, excepting her husband's request that she get a divorce and his representation that he was insolvent, arose out of her illness and the advice given her by the medical and social welfare worker whom she was patronizing. On the question of defendant's financial status, her testimony, taken at face value, does not show what assets defendant possessed, if any, at the time of the divorce and the showing as to his present worth is at least vague and indefinite and came as an inheritance from his father years after the divorce judgment.

Even if it were determined that a court has jurisdiction to consider setting aside a divorce decree on these allegations and on behalf of a movant who secured the decree herself, and we have been cited to no Missouri case so holding, we do not believe plaintiff here can prevail on the merits. More than six years after the event, brought about so far as court action is concerned, by herself, with the advice of counsel, and where she secured all she asked for, she now petitions for an annulment of that judgment. Why does she do this? Solely for the purpose and with the hope of obtaining alimony from defendant. She says the court should grant her this boon because her husband urged her to get a divorce, told her he was insolvent, and she has now learned that he is possessed of property derived largely through inheritance from his father's estate, which was made up in part of life insurance policies. These charges, even if accepted as wholly true, do not amount to such a showing of fraud or coercion as would either justify or authorize a court of equity to overturn the decree. We believe and hold that plaintiff's case must fail on the merits.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court. All concur.