(August 3, 1922.)

PETER ZOUNICH, Respondent, v. HANS ANDERSON, Appellant.

[208 Pac. 402.]

DEFAULT JUDGMENT—SETTING ASIDE FOR FRAUD—SUIT IN EQUITY—CAUSE OF ACTION—NECESSARY ALLEGATIONS.

    1. "A court of equity will not restrain the enforcement of a judgment at law on the ground of perjury or fraud in obtaining it, unless such fraud is extrinsic or collateral to the question examined and determined in the action." (*Donovan v. Miller,* 12 Ida. 600, 10 Ann. Cas. 444, 88 Pac. 82, 9 L. R. A., N. S., 524.)

    2. Where a plaintiff or his attorney fraudulently agrees with a defendant not to try the case or take judgment, and then obtains judgment in violation of such agreement, equity will set aside the judgment.

    3. In such a proceeding, the plaintiff must allege and prove all the necessary elements of actionable fraud.

Publisher's Note.

    2. On the question of fraud in obtaining judgment by agreement, see note in 30 L. R. A. 786.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. Robert N. Dunn, Judge.

Suit in equity to set aside judgment for fraud. Judgment for plaintiff. *Reversed.*

Edward H. Berg, for Appellant.

"The acts for which a court of equity may on account of fraud set aside or annul a judgment at law between the same parties have relation only to fraud which is extrinsic or collateral to the matter tried by the first court and not to fraud in the matter on which the judgment was rendered." (15 R. C. L. 762; *United States v. Throckmorton,* 98 U. S. 61, 25 L. ed. 93; 23 Cyc. 1027; *Pico v. Cohn,* 91 Cal. 129, 25 Am. St. 159, 25 Pac. 970, 27 Pac. 537, 13 L. R. A. 336; *Donovan v. Miller,* 12 Ida. 600, 10 Ann. Cas. 444, 88 Pac. 82, 9 L. R. A., N. S., 524; *Electric Plaster Co. v. Blue Rapids City Twp.,* 81 Kan. 730, 106 Pac. 1079, 25 L. R. A., N. S., 1237; *El Reno Mut. Fire Ins. Co. v. Sutton,* 41 Okl. 297, 137 Pac. 700, 50 L. R. A., N. S., 1064.)

If respondent relies on extrinsic fraud to give the court jurisdiction, that fraud should be pleaded. The fraudulent intent must also be alleged. (12 R. C. L. 420.)

Reed & Boughton, for Respondent.

The fraud practiced must be extrinsic or collateral to the matter tried by the first court. (15 R. C. L. 762; *Donovan v. Miller,* 12 Ida. 600, 10 Ann. Cas. 444, 88 Pac. 82, 9 L. R. A., N. S., 524.)

Fraud is collateral or extrinsic when it prevents the party from having a fair trial, or from presenting his case to the court. (15 R. C. L. 763.)

When a judgment is void, by reason of fraud, it is not taken on the ground of mistake, inadvertence, surprise or excusable neglect, within the meaning of the statute; and in

such a case the party injured has a right, in the original action, to have the judgment annulled by a court of equity. (*California Beet Sugar Co. v. Porter,* 68 Cal. 369, 9 Pac. 313; *Baker v. O'Riordan,* 65 Cal. 368, 4 Pac. 232.)

"While a fraudulent intent is an essential ingredient of actual fraud, and hence must generally be shown in order to maintain an action of deceit, an actual wrongful or fraudulent purpose or intent is not always essential." (*Madden v. Caldwell Land Co.,* 16 Ida. 59, 100 Pac. 358, 21 L. R. A., N. S., 332.)

A default judgment procured by perjury of the plaintiff may be set aside by a court of equity for the purpose of permitting the defendant to appear in the action and litigate his rights. (*Jordan v. Volkenning,* 72 N. Y. 330; *Laithe v. McDonald,* 7 Kan. 254; Id., 12 Kan. 340.)

McCARTHY, J.—Respondent brought this action to set aside a default judgment obtained against him by appellant in the district court for Kootenai county claiming that it had been obtained through a fraud perpetrated upon him by the appellant and his attorney. The judgment from which relief was sought was one for damages growing out of a cutting by respondent of timber belonging to appellant. The amended complaint upon which the judgment in the instant case was predicated alleges that the judgment complained of was rendered on the false testimony of appellant in regard to the value of the timber. It also alleges that at the time service was made upon respondent he inquired of appellant's attorney

"If the matter would be tried out in court or if judgment would be taken against him, and that he was informed by said attorney that a judgment would not be taken against him without first notifying him in regard thereto and giving him an opportunity to prepare his defense in said action; that before leaving, plaintiff herein (respondent) left with said attorney his address and requested him to write him if he should desire to try said action, or to

notify him if said plaintiff, . . . . (appellant), should agree to accept the reasonable value of the timber removed from said premises; that plaintiff (respondent) waited for several months and not hearing from said attorney or said plaintiff (appellant), he wrote to said attorney asking if a settlement had been reached with said plaintiff (appellant), or if any further action would be taken in said case, but that he never received any reply to said letter, and that if he remembers correctly, he wrote to said attorney on at least one other occasion, but that he never, at any time, received any notice from said attorney or from said plaintiff (appellant), and supposed that the action had been dropped.''

Appellant's demurrer to this amended complaint having been overruled, and appellant refusing to answer, a default judgment was entered against him setting aside the judgment attached. The court made findings touching on the matter of the alleged fraud, exactly in accordance with the allegations of the amended complaint above mentioned. The principal specifications of error and the only ones which it is necessary to notice are that the court erred as a matter of law in overruling the demurrer and in rendering the judgment.

So far as the alleged false testimony is concerned the complaint utterly fails to state a cause of action.

"A court of equity will not restrain the enforcement of a judgment at law on the ground of perjury or fraud in obtaining it, unless such fraud is extrinsic or collateral to the question examined and determined in the action." (*Donovan v. Miller*, 12 Ida. 600, 10 Ann. Cas. 444, 88 Pac. 82, 9 L. R. A., N. S., 524; *United States v. Throckmorton,* 98 U. S. 61, 25 L. ed. 93.) The allegations of false testimony fall within the rule of *Donovan v. Miller, supra,* and afford no ground for vacating the judgment.

It is true that a court of equity will set aside a judgment where a plaintiff fraudulently agrees with the defendant not to try the case or take judgment without giving him

notice, and then obtains judgment in violation of such agreement. (See cases cited in note to *Merriman v. Walton,* 30 L. R. A., at p. 789; *Street v. Town of Alden,* 62 Minn. 160, 54 Am. St. 632, 64 N. W. 157.) Where such a fraud has been perpetrated the defendant is not confined to his statutory remedy to set aside a judgment obtained against him by reason of his mistake, inadvertence or excusable neglect. (*Baker v. O'Riordan,* 65 Cal. 368, 4 Pac. 232; *California Beet Sugar Co. v. Porter,* 68 Cal. 369, 9 Pac. 313.) The question is—Does the amended complaint state a cause of action for a fraud of that nature? The usual requirements of a complaint for fraud should be exacted.

"The general rule is well settled that where a party seeks to recover on the ground of fraud, the particular facts constituting the fraud must be definitely and positively alleged." (*Moser v. Pugh-Jenkins Furniture Co.,* 31 Ida. 438, at 441, 173 Pac. 639, and other Idaho cases there cited.)

"The law is well settled that where a party seeks to recover on the grounds of deceit and false and fraudulent representations, he must plead the particular representations that were made and that they were false and fraudulent and material and that the party injured believed and relied on such statements and acted upon the belief, and with the understanding that such false and fraudulent representations were in fact true. He must also show the specific instances in which they were untrue and in what the untruth or deception consisted." (*Kemmerer v. Pollard,* 15 Ida. 34, 96 Pac. 206.)

Respondent cites us to the Idaho case of *Madden v. Caldwell Land Co.,* 16 Ida. 59, 100 Pac. 358, 21 L. R. A., N. S., 332. It simply holds that, in certain cases, gross carelessness and negligence may amount to fraud, and has no application to the facts of this case. The allegations in regard to the conduct of appellant's attorney do not fulfill the requirements of a complaint for fraud. The allegations that respondent did not hear from appellant's attorney, and did not receive a reply to his letter, and did not receive any notice from him, are not tantamount to alleging that

the said attorney did not write to him, send him notice, or at least attempt in good faith to do so. Respondent's allegation in his amended complaint that he was engaged in mining at or near Wallace, Idaho, suggests that his address was somewhat indefinite. The complaint does not state expressly, or even by necessary inference, that the attorney failed to attempt to communicate with respondent. The amended complaint fails to state a cause of action for fraud. The action of the court in overruling the demurrer and entering judgment was error.

The judgment is reversed and the cause remanded to the district court, with instructions to sustain the demurrer to the amended complaint, grant respondent a reasonable time to amend, and, upon failure to amend, dismiss the action. Costs are awarded to appellant.

Rice, C. J., and Lee, J., concur.

Dunn, J., disqualified.