(No. 5696.   March 10, 1931.)

HELEN G. SCANLON, Appellant, v. B. A. McDEVITT, Executor of the Estate of JAMES E. SCANLON, Deceased, Respondent.

[296 Pac. 1016.]

P. C. O'Malley, for Appellant.

B. A. McDevitt, for Respondent.

GIVENS, J.—In 1924, James E. Scanlon, on an amended complaint charging desertion, and alleging that there were no community property rights, secured a divorce from Helen G. Scanlon, in which action Mrs. Scanlon filed no pleadings but through her attorneys, entered into a stipulation which stated that in full settlement of all property rights of the parties, Mr. Scanlon should pay Mrs. Scanlon $25 a month until William Scanlon, the youngest of the three minor children then in Mrs. Scanlon's custody, should reach his majority. Such stipulation was approved in the decree as in full settlement of all property rights of the parties.

Thereafter Mr. Scanlon made a will leaving nine-tenths of his property to the three minor children, and one-tenth, in portions of one-twentieth each, to an orphanage and a parish priest, respectively.

After Mr. Scanlon's death, January, 1930, Mrs. Scanlon instituted the present action May, 1930, against his executor, to set aside the property settlement made at the time of the divorce proceedings, and the decree based thereon, as in fraud of appellant, and declare a trust in one-half the property held by Mr. Scanlon at his death as community property.

Appellant contends the complaint in the divorce action was intended to deceive her, and that she was thereby fraudulently misled into believing that there was no community property, and hence mistakenly authorized full settlement of the community property rights by the aforesaid payments, and received no division of the community property. Appellant also urges ignorance of the law, which may not avail her. (*Glover v. Brown,* 32 Ida. 426, at 441, 184 Pac. 649; 34 C. J. 461.)

The trial court sustained a demurrer to the complaint on the ground among others that it did not state facts sufficient to constitute a cause of action. The fraud urged by appellant as a basis for setting aside the previous decree is intrinsic, and not extrinsic or collateral thereto.

The demurrer, therefore, was properly sustained. (*Donovan v. Miller*, 12 Ida. 600, 10 Ann. Cas. 444, 88 Pac. 82, 9 L. R. A. 524; *Zounich v. Anderson*, 35 Ida. 792, 208 Pac. 402; *Stone v. Stone*, 58 Cal. App. 415, 208 Pac. 993; 34 C. J. 472.)

This disposition of the cause renders it unnecessary to discuss other features of the case. The decree sustaining the demurrer and dismissing the action is affirmed. Costs awarded to respondent.

Lee, C. J., and Budge, Varian and McNaughton, JJ., concur.