(No. 6638. October 5, 1939.)

WALTER ABBOTT MOYES, Respondent, v. OSCAR L. MOYES, Appellant.

[94 Pac. (2d) 782.]

Anderson, Bowen & Anderson, for Appellant.

Merrill & Merrill, for Respondent.

AILSHIE, C. J.—Louise Marion Moyes died testate October 14, 1931, leaving surviving her two sons, Oscar L. Moyes, appellant herein, and Walter A. Moyes, respondent. Four years prior to her death Mrs. Moyes had executed her last will and testament directing the payment of expenses of her last illness and funeral and leaving her estate to be "divided equally between" her two sons, and appointing appellant as executor of the will without bond. January 23, 1933, petition for probate of will was filed and February 11th it was admitted to probate and appellant was appointed as sole executor. July 7, 1934, a general inventory of the estate was filed showing a number of lots in the city of Pocatello as belonging to the estate, together with some personal property consisting of furniture and cash on hand in the sum of $500. Notice was given to the creditors and claims against the estate were subsequently presented and paid by the executor; and thereafter the executor filed his account with the probate court, hearing was had thereon, and the account was settled and approved, showing all debts of the deceased and expenses of administration as having been paid. Thereafter on October 11, 1934, the executor filed his "Petition for Final Distribution"; notice was thereupon given as required by statute of the time and place for hearing on "petition praying for a decree of distribution of the residue of said estate to the persons thereunto entitled." The petition for distribution contained the following allegations:

"That each of the last aforesaid persons, under the terms of the will of Louise Marion Moyes, deceased, were to receive one-half of said estate.

"That pursuant to an agreement by the said Oscar L. Moyes your petitioner herein, and Walter Abbott Moyes, it was agreed between the two heirs to the estate that the said Oscar L. Moyes should pay all the debts incurred and owing by the said Louise Marion Moyes, deceased, and for and in consideration of the payment of said debts, the said Oscar L. Moyes

was to have as his sole and separate property, the property located and described as follows:

"The South 20 feet (twenty) of lot 8 (eight) and the north 20 feet (twenty) of lot 9 (nine), block 401 (four hundred one) of the city of Pocatello, Bannock County, Idaho.

"That in pursuance of said agreement between Oscar L. Moyes and the said Walter Abbott Moyes, your petitioner paid the debts and obligations that were presented to him as administrator with the necessary vouchers and now prays this Honorable Court that the estate of the said Louise Marion Moyes be divided and the

"South twenty feet (20) of lot eight (8) and the north twenty feet (20) of Lot nine (9), block four hundred one (401), City of Pocatello, County of Bannock, Idaho

be decreed, and the same is hereby decreed the property of the said Oscar L. Moyes; and

"An unimproved lot fourteen (14) block forty-two (42) in the city of Pocatello, Bannock County, Idaho, be, and the same is hereby decreed the property of Walter Abbott Moyes.

"That the above division of the residue of the estate of the said Louise Marion Moyes be decreed and approved by this Honorable Court as prayed in this petition.

"WHEREFORE, your petitioner prays that the administration of said estate be brought to a close and that the residue of the property of the said Louise Marion Moyes be divided and distributed as in this petition prayed for and that the said Oscar L. Moyes be discharged from his trust as such administrator."

Thereafter a hearing was had and November 20, 1934, the decree of distribution was granted, reading as follows:

"That said deceased died testate and her only heirs are your petitioner, Oscar L. Moyes and Walter Abbott Moyes, two sons, both residents of the County of Bannock, aforesaid, who as such heirs are entitled to one-half of said estate as originally provided for in the last will and testament of the said Louise Marion Moyes.

"IT IS HEREBY ORDERED, ADJUDGED AND DE-CREED that the residue of said estate of Louise Marion Moyes, deceased, hereinafter particularly described and now remaining in the hands of said administrator and any other property not known or discovered which may belong to said estate or in which the said estate may have any interest, be and the same is hereby, distributed as follows, to wit: The house and the real estate and property located and described as follows be and the same hereby is decreed to Oscar L. Moyes, your petitioner herein.

"The south twenty feet (20) of lot eight (8) and the North twenty feet (20) of lot nine (9), block four hundred and one (401), city of Pocatello, County of Bannock be decreed as the property of Oscar L. Moyes and the

"Unimproved lot fourteen (14) block forty-two (42) in the city of Pocatello, Bannock County, Idaho be, and the same is hereby decreed to be the property of Walter Abbott Moyes.

"Done in open Court this 20th day of November, 1934.
"ROBERT S. CALLIS
"Probate Judge."

The executor was thereupon discharged and no further proceedings appear to have been taken in the probate court.

Thereafter and on September 6, 1935, respondent commenced this action in the district court, alleging that the order dividing and distributing the estate was made without jurisdiction in the probate court to make such order and that the decree of distribution was void; and that the representation made by the executor that an agreement had been made between the two heirs, for division and partition of the property, was false and untrue and was made for the purpose of deceiving and misleading the probate judge. At the conclusion of the trial the district court found against the executor appellant and in favor of respondent and entered a decree setting aside and vacating the order and judgment of distribution made in the probate court and adjudging that "the plaintiff, Walter Abbott Moyes, was at the time of the commencement of this action, and now is, the owner absolutely in fee simple of an undivided one-half interest in and to the

premises located in Bannock County, Idaho, and described as follows, to-wit:" (description follows)

The decree concluded by quieting respondent's title "in fee simple of an undivided one-half interest" in the property therein described. This appeal is from the judgment so entered.

The first question to be considered here is: Did the probate court have or acquire jurisdiction to divide and distribute the estate devised by the will of Louise Marion Moyes in the manner above stated?

The will did not bequeath the property to the heirs (appellant and respondent) either in common or jointly but rather in severalty. The will contemplated, and so requested the probate court, that, after payment of expenses, the property "be distributed and divided equally between my two sons, Oscar L. Moyes and Walter A. Moyes." It will be seen that the testatrix conferred upon the probate court the authority to divide the estate between the heirs on distribution thereof. The appellant alleged in his petition for final distribution that "it was agreed between the two heirs to the estate that the said Oscar L. Moyes should pay all the debts incurred and owing by the said Louise Marion Moyes, deceased, and for and in consideration of the payment of the said debts, the said Oscar L. Moyes was to have as his sole and separate property, the property located and described" in the petition. He further alleged "That in pursuance of said agreement between Oscar L. Moyes and Walter Abbott Moyes, your petitioner paid the debts and obligations that were presented to him as administrator," etc. The petition then concludes by praying for a decree distributing the estate in accordance with the agreement.

Now it seems clear that whether we view this order of distribution made by the probate court as a division of the estate under the direction of the will or as a distribution of the estate under the alleged agreement entered into by the heirs, it was in either case a petition for distribution and a matter wholly within the *jurisdiction* of the court. The court unquestionably had jurisdiction of the estate and the power and jurisdiction to distribute the estate. The heirs,

both of whom were adults and residing within the jurisdiction of the court, had notice of the pendency of the proceedings in the estate. Although the petition may have been faulty and the proceedings irregular and subject to technical objections, it was nevertheless sufficient to call the subject to the attention of the court and set in action its power and jurisdiction.

 It has been repeatedly held by this court that the probate courts of this state, being constitutional courts, are vested with "exclusive, original jurisdiction of the settlement of estates of deceased persons, and it is within the jurisdiction of those courts to determine *who are the heirs of a deceased person and who is entitled to succeed to the estate and their respective shares and interests therein.* The decrees of probate courts are conclusive in such matters." (*Miller v. Mitcham,* 21 Ida. 741, 745, 123 Pac. 941; *Connolly v. Probate Court,* 25 Ida. 35, 45, 136 Pac. 205.)

██ Whether or not the probate court committed any error in the course of the proceedings or in the making of its order is beside the issue here. The real question is, did the court have jurisdiction to hear and determine the matter and to commit the error, if error was committed, in the exercise of its jurisdiction. (See *Short v. Thompson,* 56 Ida. 361, 55 Pac. (2d) 163, and cases cited therein.) If the probate court erred in any respect in the course of its proceedings or in the final decree of distribution, such error was open to correction either on appeal (sec. 11–401, I. C. A.) or by motion to set aside the judgment under the provisions of sec. 5–905, I. C. A. (*Connolly v. Probate Court,* 25 Ida. 35, 45, 136 Pac. 205; *Chandler v. Probate Court,* 26 Ida. 173, 141 Pac. 635; *In re Blackinton's Estate,* 29 Ida. 310, 158 Pac. 492; *Luke v. Kettenbach,* 32 Ida. 191, 181 Pac. 705.)

In *Short v. Thompson,* 56 Ida. 361, 376, 55 Pac. (2d) 163, we said:

"In other words, if he had jurisdiction, then he had the *power* to commit an error. If the probate court erred and the decree settling the account is erroneous, the answer is that a remedy was available to both the guardian and surety to have the judgment reviewed and the error corrected both by

motion in the court where entered (*Luke v. Kettenbach*, 32 Ida. 191, 197, 181 Pac. 705; *Baldwin v. Anderson*, 51 Ida. 614, 8 Pac. (2d) 461; same case, 52 Ida. 243, 13 Pac. (2d) 650; and by appeal, sec. 5–905, I. C. A.; *Miller v. Prout*, 32 Ida. 728, 187 Pac. 948)."

■■ In matters of probate arising within the exclusive probate jurisdiction, all proceedings must be had and relief must be originally sought in the probate court. The jurisdiction of the district court in such matters is *only appellate*. Subjects and issues thus cognizable in a court of *exclusive original jurisdiction* may not be collaterally attacked in any other tribunal.

■■ The attack made on the judgment of the probate court in this case is collateral and not direct. The complaint asked for more than mere vacating the order of the probate court. The judgment entered thereon not only vacated the order but quieted the title to one-half the property in respondent. This could not be done on collateral attack.

In *O'Neill v. Potvin*, 13 Ida. 721, 93 Pac. 20, we defined collateral attack as follows:

"The attack upon a judgment is collateral if the action or proceeding has an independent purpose and contemplates some other relief or result than the mere setting aside of the judgment, although the setting aside of the judgment may be necessary to secure such independent purpose."

In that case the late Justice Sullivan pointed out with his usual clarity the distinction between a direct and a collateral attack on a judgment. In that case the court followed and reiterated what it had previously said in *Clark v. Rossier*, 10 Ida. 348, 78 Pac. 358, 3 Ann. Cas. 231, in both of which opinions the writer concurred.

■ As we have above seen, the probate court was not without jurisdiction to hear and determine the matter that was presented to it on which it based its order. Of course if the order had been void on its face, then it might be attacked in any manner or at any time collaterally or otherwise. (*Glover v. Brown*, 32 Ida. 426, 443, 184 Pac. 649.) Moreover, it is fundamental and has been uniformly so held by this court, that false swearing on the trial of a case does not con-

stitute that class of fraud or perjury for or on account of which a judgment may be vacated by a court of equity on collateral attack. (*Donovan v. Miller*, 12 Ida. 600, 88 Pac. 82, 10 Ann. Cas. 444, 9 L. R. A., N. S., 524; *Zounich v. Anderson*, 35 Ida. 792, 208 Pac. 402; *Scanlon v. McDevitt*, 50 Ida. 449, 451, 296 Pac. 1016; *Harkness v. Village of McCammon*, 50 Ida. 569, 572, 298 Pac. 676.)

It should be remembered that respondent had a plain, speedy and adequate remedy at law both by appeal and by motion to vacate and set aside the judgment of the probate court. (*Short v. Thompson, supra,* and cases cited.)

The judgment of the district court is reversed and the case is remanded with instructions to dismiss the action. Costs awarded in favor of appellant.

Givens, Morgan and Holden, JJ., concur.

BUDGE, J., Concurring in Part and Dissenting in Part.— I do not agree with that portion of the opinion holding:

"The will did not bequeath the property to the heirs (appellant and respondent) either in common or jointly but rather in severalty."

In my opinion the will bequeathed the property in common or jointly, each heir receiving title to an undivided one-half interest in the estate upon the death of the mother.

Neither am I in accord with that portion of the opinion which holds:

"In matters of probate arising within the exclusive probate jurisdiction, all proceedings must be had and relief must be originally sought in the probate court. The jurisdiction of the district court in such matters is *only appellate.*"

In probate matters courts of equity have jurisdiction to vacate and set aside decrees of distribution where the same have been obtained as a result of extrinsic or collateral fraud, such fraud being permissible of proof and justifying the interference of a court of equity. (*Donovan v. Miller,* 12 Ida. 600, 88 Pac. 82, 10 Ann. Cas. 444, 9 L. R. A., N. S., 524; *Connolly v. Probate Court,* 25 Ida. 35, 136 Pac. 205; *United States v. Throckmorton,* 98 U. S. 61, 65, 25 L. ed. 93, 96; *Pico v. Cohn,*

91 Cal. 129, 25 Pac. 970, 27 Pac. 537, 25 Am. St. 159, 13 L. R. A. 336; *Sohler v. Sohler,* 135 Cal. 323, 67 Pac. 282, 87 Am. St. 98; *Baker v. O'Riordon,* 65 Cal. 368, 4 Pac. 232.)

A careful examination of the record discloses that the fraud complained of was intrinsic and not extrinsic or collateral, that is, it was not such fraud as will justify the interference of equity. (*Donovan v. Miller, supra; United States v. Throckmorton, supra; Pico v. Cohn, supra; Lynch v. Rooney,* 112 Cal. 279, 44 Pac. 565; *Langdon v. Blackburn,* 109 Cal. 19, 41 Pac. 814.)

The judgment must be reversed and the cause should be dismissed without prejudice. With reference to whether or not respondent may obtain relief in the probate court I express no opinion.