242 P.2d 860

**PARKE v. PARKE et al.**

No. 7809.

Supreme Court of Idaho.

April 3, 1952.

436

---

Walter H. Anderson, Pocatello, for appellant.

Dean Kloepfer, Burley, for respondents.

PORTER, Justice

Appellant is the former wife of respondent, Gilbert I. Parke. Respondents, Gilbert I. Parke and Gladys Wells Parke, are presently husband and wife. Gilbert I. Parke will be herein referred to as respondent. By this action, appellant seeks to have declared null and void the property settlement agreement entered into during the pendency of appellant's divorce action against respondent, and to have vacated that part of the decree of divorce approving such agreement. Appellant also prays for a division of the community property, for an injunction restraining respondents from disposing of same, and for permanent alimony.

Respondents filed a demurrer both general and special to appellant's amended complaint. The court sustained both the .

general and special demurrers. Appellant having failed to amend her amended complaint within the time allowed by the court, a judgment of dismissal was entered. From such judgment appellant appeals to this court.

By her specifications of error, appellant alleges the court erred in sustaining the demurrer; in holding the amended complaint did not state facts sufficient to constitute a cause of action; and in dismissing such complaint.

The amended complaint is long and, to a degree, repetitious. It contains immaterial and evidentiary matter. We will not set it out at length but will summarize the salient facts as alleged therein.

Respondent and appellant were married in the year 1925 and were husband and wife until the entry of the decree of divorce in question. During their marriage the parties acquired a residence in Burley reasonably worth, at the time of the divorce, the sum of $12,000. In addition, through their joint efforts, they developed a business generally known as Gib's Barbecue located upon the same land as the residence. Such business, with the building and the land it occupies, the equipment therein and the good will thereof was reasonably worth, at the time of the divorce, the sum of $20,-000. They also acquired other community property of the reasonable value of $14,000, consisting of one automobile and of money in the bank and in the U. S. Postal Savings.

In the year 1943 the health of appellant became impaired by overwork. In 1944, respondent took a room in their home apart from appellant and they no longer lived together as husband and wife. Thereafter, respondent began insinuating and intimating he wanted the marriage dissolved. His treatment of appellant is alleged in Paragraph X of the amended complaint as follows: "That for the past three or four years, the defendant pursued a cruel course of conduct that was unbearable to the plaintiff, and instilled in the plaintiff the deep-seated fear of the defendant and what he would do; in that during all of said time, said defendant constantly, daily, and even oftener told the plaintiff and accused her of being crazy and told their daughter if she (the daughter) would do what she should, that she (the daughter) would sign papers and put the plaintiff where she belonged; that by reason of this course of conduct, the plaintiff lived in constant fear that she would incur the displeasure of the defendant and he would have her committed to an insane asylum; that such fear became an obsession and was constantly on her mind and haunted her both day and night to such an extent that she was afraid to do anything to incur the defendant's ill will or displeasure and that she would be committed to an asylum."

The amended complaint also alleges serious physical violence was committed on appellant by respondent and sets out other acts of cruelty on his part.

The amended complaint further alleges that in the year 1948, appellant, moved by the veiled threats of her husband, instituted a suit for divorce in Cassia County. That on October 29, 1948, while such suit was pending, the parties entered into a property settlement agreement dividing their community property, by which agreement appellant received $10,000, in cash and her household furniture, and her husband received the remainder of the community property. That appellant did not enter voluntarily into said property settlement agreement. That at the time said agreement was signed appellant was in ill health and in a weakened condition and had undergone a major operation. That appellant was coerced into signing the agreement by her fear of incurring the displeasure of her husband or of doing anything contrary to his wishes and that she was afraid if she did not sign the agreement he would have her committed to an asylum. That there was no meeting of the minds in the signing of the agreement and that appellant signed the same under duress brought about by her husband's treatment. That her counsel advised her to sign said property settlement agreement saying, "that a trial would be a severe strain upon you and that I might find myself in the middle of a lawsuit without a client or any witnesses due to your inability to stand trial." That said agreement was dictated by respondent and was inequitable and unjust and deprived appellant of her just share of the community property.

The amended complaint further alleges said property settlement was and is fraudulent in that respondent did not disclose and list all of the community property; and that respondent concealed money and liquid assets which he had secreted from appellant.

The agreement, attached to the amended complaint as an exhibit, specifically states that it contains a full, true and correct statement of all property that has been acquired by the parties since their marriage and that neither party has any knowledge of any community property not listed.

The agreement also recites that in the event plaintiff is awarded a decree of divorce, "then and in such event, the court shall divide the community property that is now owned by the parties hereto, in accordance with the terms and conditions of this contract, without the submission to the court of any proof that the same is community property, or of the value of the same, excepting as is stated in this contract, and this contract shall be accepted as a fair, equitable and just division between the parties hereto of their property and property rights."

On January 22, 1949, a judgment by default was entered granting appellant a divorce, approving the agreement dividing the community property and awarding the property in accordance with the terms of such agreement.

It is also alleged in the amended complaint that respondents are now living in

the mentioned residence and are in possession of and using and enjoying the income and profits from the barbecue business.

■ The general demurrer testing the sufficiency of the amended complaint admits the truth of all the foregoing facts, well pleaded. Boise Payette Lbr. Co. v. Idaho Gold Dredging Corp., 56 Idaho 660, 58 P.2d 786.

■ Appellant relies upon coercion and fraud as grounds for setting aside the property settlement agreement and that part of the divorce decree approving same. "Duress as a ground for setting aside a default judgment of divorce has been frequently bracketed by the courts with fraud. Generally speaking, the courts will, as in the case of fraud * * * exercise their power and set aside a judgment obtained by duress." Annotation 157 A.L.R. 80, par. d.

■ Duress of a wife by a husband is generally recognized as a sufficient ground for vacating a divorce decree for or against the wife. 27 C.J.S., Divorce § 169, P. 812; Burton v. Burton, 176 Okl. 494, 56 P.2d 385, 104 A.L.R. 728 and annotation 104 A. L.R. p. 735; Dennis v. Harris, 179 Iowa 121, 153 N.W. 343; Lake v. Lake, 124 App. Div. 89, 108 N.Y.S. 964; Phillips v. Chase, 203 Mass. 556, 89 N.E. 1049, 30 L.R.A.,N.S., 159; Cobb v. Cobb, 43 S.D. 388, 179 N.W. 498. The allegations in the amended complaint appear to be sufficient to raise the issue of duress.

■ The fraud which will justify the setting aside of a judgment, in an equitable action for that purpose, must be extrinsic fraud as distinguished from intrinsic fraud. It must be fraud extrinsic or collateral to the questions examined and determined in the action. It must prevent by extrinsic means the litigation of an issue. Donovan v. Miller, 12 Idaho 600, 88 P. 82; Zounich v. Anderson, 35 Idaho 792, 208 P. 402; Scanlon v. McDevitt, 50 Idaho 449, 296 P. 1016; Keane v. Allen, 69 Idaho 53, 202 P.2d 411; Burns v. Skogstad, 69 Idaho 227, 206 P.2d 765; Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523.

Appellant contends that at the time the property settlement agreement was entered into the husband concealed and secreted community property; that the resulting property settlement agreement was fraudulent; that the stipulation therein for a decree approving same withdrew from the court the issue of community property and prevented the litigation of such issue. In Milekovich v. Quinn, 40 Cal. App. 537, 181 P. 256, District Court of Appeal, with rehearing denied by Supreme Court, the court was considering an action by the wife to set aside that part of a prior decree of divorce with reference to property rights, based upon a property settlement agreement, on the ground of concealment of community assets by the husband. In Headnotes No. 7 and No. 8, it is said:

"Although a judgment entered into upon the stipulation of the parties is as sacred

and unimpeachable as any other judgment, yet, where an agreement between husband and wife in settlement of community property previous to divorce expressly provided that its provisions be incorporated in the judgment, it withdrew from judicial consideration matters so stipulated, and the court has power to grant relief to the wife where such agreement was secured by the husband's fraud or concealment of community property.

"Where a fraudulent stipulation in a divorce suit effectually withdrew issues as to community property from consideration of the court, by an express provision that findings and decree should accord therewith, equity, regarding the substance rather than the form, will relieve against the part of the decree affected by the fraud."

In Jorgensen v. Jorgensen, 32 Cal.2d 13, 193 P.2d 728, the court was considering an action to set aside on the ground of fraud that part of a decree of divorce approving a property settlement agreement. On page 733 of 193 P.2d the court said: "As the manager of the community property the husband occupies a position of trust (Civ. Code, secs. 172–173, 158), which is not terminated as to assets remaining in his hands when the spouses separate. It is part of his fiduciary duties to account to the wife for the community property when the spouses are negotiating a property settlement agreement. The concealment of community property assets by the husband from the wife in connection with such an agreement is therefore a breach of a fiduciary duty of the husband that deprives the wife of an opportunity to protect her rights in the concealed assets and thus warrants equitable relief from a judgment approving such agreement."

We conclude that the amended complaint alleges sufficient facts as to coercion and fraud in the execution of the property settlement agreement and in the entering of the decree approving same, to be good as against the general demurrer. No question has been raised by respondents as to the sufficiency of the amended complaint to sustain the requested injunction against both respondents if it states a good cause of action.

The special demurrer charges that the amended complaint is ambiguous, unintelligible and uncertain. Appellant does not specifically assign as error the ruling of the trial court sustaining the special demurrer. The special demurrer is not discussed in the brief of appellant. The special demurrer alleges, among other things, that the amended complaint fails to show what money, property or assets of the community was secreted by the husband and not listed in the property settlement agreement; that it cannot be determined therefrom why permanent alimony should be awarded; and that it cannot be determined therefrom what threats, if any, were made and by whom, that if appellant did not sign said property settlement she would be confined in an in-

441

sane asylum or whether such threats were made before or after she filed the divorce complaint. Such allegations in the special demurrer appear on their face to have some merit. We must hold that appellant has not shown that the trial court erred in sustaining the special demurrer. White Earth Products Co. v. Idaho First Nat. Bank, 68 Idaho 132, 189 P.2d 1022.

It appearing that the special demurrer was well taken, the ruling of the trial court sustaining the demurrer was correct. Phy v. Selby, 35 Idaho 409, 207 P. 1077. However, the trial court having erroneously sustained the general demurrer, we deem the furtherance of justice requires that appellant be given an opportunity to amend her amended complaint to correct the defects pointed out by the special demurrer. Section 12–205, I.C.; Phy v. Selby, supra; Chandler v. Drainage Dist. No. 2, 68 Idaho 42, 187 P.2d 971. See also, MacLeod v. Stelle, 43 Idaho 64, 249 P. 254; Feehan v. Kendrick, 32 Idaho 220, 179 P. 507; Boise City v. Artesian, etc., Co., 4 Idaho 392, 39 P. 566.

The judgment of dismissal will be reversed and the cause remanded to the trial court with direction to grant appellant a reasonable time within which to file a second amended complaint to meet the objections raised by the special demurrer and herein held to be of merit; and, if appellant fails to file such second amended complaint within the time allowed by the court, the judgment of dismissal will stand affirmed. No costs allowed.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.