**308 P.2d 591**

**Stanley SMUTNY, Plaintiff-Appellant,**

**v.**

**Agnes Smutny NOBLE, Defendant-Respondent.**

**No. 8492.**

Supreme Court of Idaho.

March 15, 1957.

May & May, Twin Falls, for appellant.

Earl E. Walker, Twin Falls, for respondent.

McQUADE, Justice.

This is an action in fraud seeking to modify a divorce decree, to cancel a deed and to have declared void a stipulation purporting to be a property settlement agreement.

The plaintiff and the defendant were married in 1927, and were divorced on the eighth day of March, 1950. At the time of the divorce there were five children, one of whom had attained legal age. It is alleged by the plaintiff that at the time of the divorce there was property in excess of $55,-000, of which the plaintiff received as his share property and credits valued at not more than $6,500.

The plaintiff further alleges in his second amended complaint that he commenced the divorce action, but that the defendant filed a cross-complaint upon which the decree of divorce was granted. In paragraph 4 the plaintiff alleges the acts of fraud committed by the defendant. The defendant filed a general and special demurrer to the second

amended complaint, which demurrers were sustained by the trial judge.

The plaintiff alleged in his complaint that on March 2, 1950, and for some time before, he had been addicted to the use of alcoholic beverages to such an extent that he had become an alcoholic, and this the defendant well knew. He further alleged that on March 2, 1950, the defendant had the plaintiff arrested and unlawfully imprisoned in the Twin Falls County jail in Twin Falls, Idaho, where he was held until March 6 without being taken before a magistrate.

The plaintiff stated during this four-day interval the defendant had her brother-in-law, Stanley Herzinger, visit the plaintiff in jail several times. He alleged Herzinger urged him, by fraudulent representations, to sign a stipulation and warranty deed purporting to settle the community property interests of the parties in the divorce action then pending between them.

He further alleged Herzinger represented that if the plaintiff signed the deed and stipulation he would be released from jail immediately; but if not, he would be examined by two doctors, who were then waiting to see him, and would be sent that day to the state insane asylum at Blackfoot, Idaho.

It is further alleged the instruments were signed in reliance on these representations, and the plaintiff was immediately released from jail. At that time, his mental condition was such that he lacked the power to reason and was unable to comprehend the nature and consequences of his act; his craving for alcohol was so great, and his mind so sick and weakened from long use of alcoholic beverages, that he was insane. During the period of these representations, there was no petition on file in any court seeking to have him committed to the mental institution, and this fact was known to the defendant and her brother-in-law, but not to the plaintiff. He maintains he would not have signed the stipulation and the warranty deed but for the representations made by the defendant through her brother-in-law, and this act resulted in a grossly inequitable division of the community property.

The plaintiff further alleged in paragraphs 7 and 8:

"That in the month of June, 1954, Plaintiff went to Shadels of Idaho, located at Wendell, Idaho, and took their complete treatment for alcoholics;

"That since June, 1954, the Plaintiff has not taken into his system any alcoholic beverages whatsoever and has completely quit the use of alcoholic beverages; that three (3) years have not elapsed since Plaintiff took the treatment at Shadels of Idaho and since Plaintiff fully understood and comprehended the nature of the fraudulent acts and inducements committed by Defendant in getting him to sign the said

Stipulation, marked Exhibit 'D' and the said Warranty Deed, marked Exhibit 'E', both attached hereto, on the 6th day of March, 1950; and that five (5) years have not elapsed since June, 1954, and when after Plaintiff was treated by Shadels of Idaho, he was restored to his mental faculties."

The general and special demurrers, sustained by the trial court, are as follows:

"1. That this Court has no jurisdiction of the subject of this action for the reason that it is apparent from the face of the Second Amended Complaint, that this action is a collateral attack upon the Decree of Divorce entered in this Court in the case of Stanley Smutny, plaintiff vs. Agnes Smutny, Defendant, on the 8th day of March, 1950, and which said Decree of Divorce is a valid decree.

"2. That the said Second Amended Complaint does not state facts sufficient to constitute a cause of action against this defendant and in favor of the plaintiff."

■ This court has said in considering demurrers:

"The general demurrer testing the sufficiency of the amended complaint admits the truth of all the foregoing facts, well pleaded. Boise Payette Lbr. Co. v. Idaho Gold Dredging Corp., 56 Idaho 660, 58 P.2d 786." Parke v. Parke, 72 Idaho 435, 242 P.2d 860, 863.

■ The second amended complaint alleges facts of coercion, fear, duress, and fraud in the execution of the deed and stipulation sufficient to allege a cause of action as against a general demurrer. Parke v. Parke, supra.

■ In considering the special demurrer as to the jurisdiction of the court if extrinsic fraud is pleaded in the complaint, it is apparent from all the authorities that the equity side of the court has inherent power to set aside or modify a judgment on the grounds of extrinsic fraud. U. S. v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93; Caldwell v. Taylor, 218 Cal. 471, 23 P.2d 758, 88 A.L.R. 1194; Parke v. Parke, supra; Moyes v. Moyes, 60 Idaho 601, 94 P.2d 782; Donovan v. Miller, 12 Idaho 600, 88 P. 82, 9 L.R.A.,N.S., 524; Zounich v. Anderson, 35 Idaho 792, 208 P. 402; Scanlon v. McDevitt, 50 Idaho 449, 296 P. 1016.

The demurrers should have been overruled. The judgment of the trial court is reversed and the case remanded for further proceedings.

Costs to appellant.

KEETON, C. J., and PORTER, TAYLOR and SMITH, JJ., concur.